George Leighton Dahl AKIN, Adrienne Lillian Akin and Laurel Sheffield Akin, Individually and as Next Friend of Ashley Griffin Jones Akin, A Minor, Relators,

v.

Honorable Arthur TIPPS, Honorable Nathan Hecht, and George L. Dahl, Respondents.

Nos. 05–84–00259–CV, 05–84–00260–CV.

Court of Appeals of Texas, Dallas.

March 6, 1984.

R. Jack Ayres, Jr., Thomas V. Murto, III, Dallas, for relators.

Louis P. Bickel, Bickel & Case, Dallas, for respondents.

Before STEPHENS, VANCE and AL-LEN, JJ.

STEPHENS, Justice.

■ In original proceedings in this court, relators have filed a Petition for Writ of Prohibition and a Petition for Writ of Mandamus. Despite respondent's argument that this court lacks jurisdiction to entertain original jurisdiction in these matters, we hold that by amendment of TEX.REV. CIV.STAT.ANN. art. 1824 (Vernon Supp. 1984), effective June 19, 1983, the legislature empowered courts of appeals to issue all writs of mandamus agreeable to the principles of law regulating such writs, against any judge of a district or county court. Prior to the amendment, courts of appeals were empowered to issue mandamus against any judge of a district or county court compelling such judge only to proceed to trial and judgment in a cause. The Petition for Writ of Prohibition seeks an order directed against the Honorable Arthur Tipps, a retired district judge, ordering him to cease and desist from presiding over Cause No. 84–2776–D, styled *George Leighton Dahl Akin, et al. v. George L. Dahl,* now pending in the 193rd Judicial District Court of Dallas County, Texas; and ancillary injunctive relief, ordering the individual respondent, George L. Dahl, to cease and desist from presenting any application for relief in that same cause to Judge Tipps, or any other judge, out of the presence of relators' attorneys, and by further ordering the individual respondent, George L. Dahl, to cease and desist from making any expenditures from the Lille Dahl Trust, pending further orders of this court.

The Petition for Writ of Mandamus seeks an order directing the Honorable Arthur Tipps to declare a certain order entered by him on March 2, 1984, denying an application for a temporary restraining order in that same cause, void, and further commanding him to take no further action in such cause, and an order directed to respondent, the Honorable Nathan Hecht, District Judge of the 95th Judicial District

Court, Dallas County, Texas, commanding him to hear Cause No. 84–2776–D, unless he recuses himself.

After duly considering the respective applications of the relators, the record, such as it is, and after hearing arguments of counsel, the following orders are entered.

Respondent, the Honorable Arthur Tipps, is ordered to cease and desist from presiding as judge in Cause No. 84–2776–D, styled *George Leighton Dahl Akin, et al., v. George L. Dahl,* now pending in the 193rd Judicial District Court of Dallas County, Texas, until and unless he shall be duly assigned to such court, to act in such cause, by the proper authorities, as directed by TEX.REV.CIV.STAT.ANN. art. 200a, § 5(a) (Vernon Supp.1984).

The relief requested against respondent, George L. Dahl, is denied.

The relief requested against respondent, the Honorable Nathan Hecht, is denied.

The order entered by Judge Tipps in Cause No. 84–2776–D, dated March 2, 1984, is declared void.

■ This action stems from an Original Petition filed by relators in the 95th Judicial District Court of Dallas County, Texas, seeking removal of George L. Dahl as trustee of a certain trust created by Lille E. Dahl, now deceased. Plaintiffs are the grandchildren of the decedent, and of George L. Dahl, the trustee. The petition alleges that they are beneficiaries of the trust. Extensive litigation, concerning this same trust, was instituted in the past by the mother, who is the daughter of the decedent and respondent George L. Dahl, and her husband, which has been finally concluded by a decision of the Supreme Court of Texas. The plaintiffs in the present cause were not parties to that action. Trial of the prior case against Mr. Dahl was presided over by the Honorable Arthur Tipps, who was duly appointed to so preside. When the present suit was filed in the 95th District Court, plaintiffs sought a temporary restraining order against the defendant, George L. Dahl. After a hearing on the temporary restraining order, wherein both parties appeared and argued their respective positions, but before ruling on the merits of the motion, for reasons unexpressed in the order, the Honorable Nathan Hecht, presiding Judge of the 95th District Court, transferred the case to the 193rd District Court. Argument in this court shows that Judge Hecht believed that Judge Tipps, who is presently assigned to the 193rd District Court for purposes of concluding the matters in the prior case by the mother, as mandated by the Supreme Court, was the proper person to preside in the present case. Although we do not disagree with the reasoning of Judge Hecht, we conclude from the record, that Judge Tipps, not having been duly appointed to serve in accordance with existing statutory law, is without authority to act in the present case. *Ex parte Lowery,* 518 S.W.2d 897 (Tex.Civ.App.—Beaumont 1975, no writ). Consequently, we hold the order entered by Judge Tipps on March 2, 1984, in the present case to be void.

■ Speaking to the transfer of the present case from the 95th District Court to the 193rd District Court, we recognize that District Judges may exchange benches and hold court for each other as authorized by TEX.CONST. art. V, § 11 (Vernon 1955), and TEX.REV.CIV.STAT.ANN. art. 1916 (Vernon 1964). Such exchange may be effected by the judge's own initiative under existing case law, as well as under the local rules pertaining to transfer of cases within Dallas County. A formal order, if one is entered, need not express the reason for the exchange. Consequently, we hold that the present case was properly transferred to the 193rd District Court, and is now properly pending in that court. In light of this holding we hold that mandamus does not lie to compel Judge Hecht to proceed further in the present case.

We need not address the propriety of the injunctive relief sought against George L. Dahl, in light of our other rulings herein.

The Writ of Prohibition ordered herein shall not issue unless Judge Tipps refuses to abide by the decision of this court.