Claude T. ALLEN and B.F.
Clifton, Relators,

v.

Honorable Geraldine B.
TENNANT, Respondent.

Nos. 14–84–572–CV, 14–84–368–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 11, 1984.

George M. Kirk, Jr., Claude T. Allen,
Houston, for relators.

K.L. Karnley, Dunn, Stern, Lipstet, Singer & Hirsch, Charles J. Pignuolo, Houston, for respondent.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, Associate Justice, Retired.

## CONSOLIDATED OPINION

SEARS, Justice.

This is an original writ of mandamus proceeding. It was instituted by Claude T. Allen and B.F. Clifton, Relators and judgment debtors, against the Honorable Geraldine B. Tennant, Judge of the 113th Judicial District Court of Harris County, to set aside an order enforcing a foreign country default judgment entered against the Relators. We agree with the Relators that Respondent was without the power to enter and enforce the order because the judgment creditor did not comply with the statutory prerequisites of the Uniform Foreign Country Money-Judgment Recognition Act, TEX.REV.CIV.STAT.ANN. art. 2328b–6 (Vernon Supp.1984). We conditionally grant the writ.

On April 2, 1982, the High Court of Justice, Queen's Bench Division, of the United Kingdom of Great Britain and Northern Ireland, entered a default judgment against Relators in favor of Tweddle French & Co., Ltd., judgment creditor, for $18,941.10 plus costs. On March 17, 1983, Tweddle French & Co. filed a Petition to Enforce Foreign Judgment under the Uniform Foreign Country Money-Judgment Recognition Act. The following day Respondent signed an order enforcing the foreign judgment. Attempts were made by the judgment creditor to levy against Relators under a writ of execution and to conduct post-judgment discovery. On May 28, 1984, Respondent held Relator Allen in contempt and ordered him to participate in discovery. Upon the issuance of a second writ of execution, Relators petitioned this court for a writ of mandamus to stay all further proceedings by Respondent.

This proceeding calls on the court to interpret the requirements of a new statute, the Uniform Foreign Country Money-Judgment Recognition Act, which provides a simplified means of enforcing foreign judgments. The statute is straightforward in its requirements with the result that the foreign judgment has the same effect and is subject to the same procedures and defenses as a judgment of the court in which it is filed. The statute's procedural requirements are found in a companion statute, the Uniform Enforcement of Foreign Judgments Act, TEX.REV.CIV.STAT. ANN. art. 2328b–5 (Vernon Supp.1984). This statute allows the creditor two ways in which to enforce the foreign judgment; the creditor may bring a cause of action to enforce the judgment, or the creditor may proceed under a simplified filing procedure clearly enunciated in §§ 2, 3 of the Act. According to these sections, before a foreign judgment can be enforced, the judgment creditor is to file an authenticated copy of the foreign judgment with the clerk of any court of competent jurisdiction in the state. The filing is to be accompanied by an affidavit showing the names and last known post office address of both the judgment creditor and debtor. The statute then requires the clerk to mail notice of the filing of the foreign judgment to the debtor and to make a notation of the mailing in the court's docket. However, the creditor may mail notice of the filing to the debtor and file proof of mailing with the clerk. TEX.REV.CIV.STAT.ANN. art. 2328b–5, § 3(b) (Vernon Supp.1984). Only when the notice requirement is met does the foreign judgment become enforceable. It is uncontested that there is no proof that notice of the filing of the judgment was mailed to Relators as required.

The creditor also failed to comply with the second option under the statute, i.e., to bring an adversary proceeding to enforce the judgment. The judgment creditor did file a petition with the court and one day later received a final judgment on that petition. It is uncontested that Relators received no notice of the filing of a cause of action against them as required by TEX.

R.CIV.P. 21a. Relators' first knowledge of such court action was over six weeks later when the sheriff's office attempted to execute a writ of attachment. The judgment creditor claims the petition was filed at the request of, and for the convenience of, the District Clerk of Harris County. Regardless of the reason for the procedure employed, it is clear that Relators had no notice of any filing or action commenced by the judgment creditor, or of any action by Respondent.

■ Respondent contends that Relators' remedy is limited to a bill of review, citing *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961). In that case, the Texas Supreme Court held that *when the judgment was issued by a court having jurisdictional power to render it*, the exclusive methods to set aside the two month old default judgment were writ of error or bill of review. *Id.* 345 S.W.2d at 710 (emphasis added). In the instant case Relators are not so limited in remedy. Although the statute provides that the foreign judgment has the same effect as a judgment of the court in which it is filed, it has that effect, and the court has jurisdiction to enforce the judgment, only when the creditor complies with the statutory requirements. The statutory requirement of proof of notice to the debtor that the foreign judgment was filed has not been met, therefore Respondent was without power to enforce the foreign judgment and all orders pertaining thereto should be set aside as void.

■ Respondent also asserts this court has no mandamus jurisdiction in this case. The cases cited by Respondent limiting appellate court mandamus jurisdiction over district courts are pre–1983. In 1983 the Texas courts of appeals were given original jurisdiction to issue writs of mandamus, agreeable to the principles of law regulating such writs, against any Texas judge of any district or county court. TEX.REV. CIV.STAT.ANN. art. 1824 (Vernon Supp. 1984); *Akin v. Tipps*, 668 S.W.2d 432 (Tex.

App.—Dallas 1984, no writ). Mandamus is proper in the absence of an adequate remedy when a district court fails to observe a mandatory statutory provision, and its failure to comply with the mandatory provision renders its order or judgment void. *State Bar of Texas v. Heard,* 603 S.W.2d 829 (Tex.1980).

 We assume Respondent will set aside the order of March 18, 1983, as well as all subsequent orders, promptly after our judgment in this proceeding becomes final. In the event she fails to do so, a writ of mandamus will issue.

The writ is conditionally granted.