LONE STAR INDUSTRIES, INC., Pauli
and Griffin Company, and Texas
Mining Company, Relators,

v.

The Honorable Gene ATER, Visiting
District Judge, Ector County,
Texas, Respondent.

No. 08–92–00363–CV.

Court of Appeals of Texas,
El Paso.

Dec. 2, 1992.

Rehearing Overruled Dec. 30, 1992.

Michael B. Hughes, McLeod, Alexander,
Powel & Apffel, P.C., Michele B. Chimene,
Galveston, Jennifer Keneally, Bell & Mur-
phy, Houston, Ned Johnson, Benckenstein,
Oxford & Johnson, Dale Dowell, Rienstra,
Dowell & Flatten, Beaumont, Steve A.
Bryant, Bryant & McLean, Houston, Paul
Holmes, Holmes & Harris, Beaumont, Mike
Watkins, McMahon, Tidwell, Hansen, At-
kins & Fowler, P.C., Odessa, Barbara Bar-
ron, Jim I. Graves, Mehaffy & Webber,
Beaumont, Gregory H. Herrman, Allison,
Huerta, Hastings & Allison, Corpus
Christi, Randal Patterson, Hollman, Lyon,
Patterson & Durell, Odessa, John A. Davis,
Jr., J. Don Westbrook, Patrick S. Gerald,
Kemp, Smith, Duncan & Hammond, Mid-
land, Ronald T. Hancock, Hays, McConn,
Price & Pickering, Houston, C. Victor Ha-
ley, Fairchild, Price, Russell, Thomas &
Haley, Center, Robert L. Craig, Jr., Carr,
Fouts, Hunt, Craig, Terrill & Wolfe, Lub-
bock, J.B. Whittenburg, Orgain, Bell &
Tucker, Beaumont, Timothy D. Yeats,
Williams & Yeats, Big Springs, James
Rush, McMahon, Tidwell, Hansen & At-
kins, James M. O'Leary, Steve Ashley,
Shafer, Davis, McCollum, Ashley, O'Leary
& Stoker, Odessa, L.J. Decker, III, Tekell,
Book, Matthews & Limmer, Edward J.
Hennessy, Hennessy & Zito, Houston, Gil-
bert T. Adams, Law Office of Gilbert T.
Adams, Beaumont, W. Bradley Parker,
Boswell & Kober, Fort Worth, Roger L.
McCleary, Beirne, Maynard & Parsons,
Houston, David Bridges, Law Offices of
Jack W. Jones, Temple, W. Bruce Williams,
Cotton, Bledsoe, Tighe & Dawson, Midland,
Cecily S. Ticer, Fanning, Harper & Martin-
son, Dallas, Lloyd MacDonald, Turpin,
Smith, Dyer, Saxe & MacDonald, Midland,
Jerry L. Beane, Martha C. Coleman, Stras-

burger & Price, Dallas, David Brill, Butler & Binion, Houston, Roy Bell, Law Office of Roy L. Bell, Odessa, David W. Ledyard, Strong, Pipin, Nelson & Bissell, Beaumont, Richard S. Crowther, Mills, Shirley, Eckel & Bassett, Galveston, John R. Dolezal, Weller, Wheelus & Green, Beaumont, Steven C. Kiser, Lonnie Hobbs, Lynch, Chappell & Alsup, Midland, for relators.

Gene Ater, pro se.

M. Diane Dwight, Lance P. Bradley, Provost & Umphrey, Beaumont, Robert E. White, Childs & Bishop, Odessa, Sandy Torres, Torres & Torres, Midland, for real parties in interest.

Terry Hyatt, Hyatt, Crabtree & Moore, Dallas, Michael C. Tighe, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for intervenor.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

PER CURIAM.

This is an application for writ of mandamus seeking to have the Honorable Gene Ater, Judge sitting by assignment in the 70th, 161st, 244th and 358th District Courts of Ector County, Texas, removed from thirteen cases pending in those courts and to have all orders set aside. Relators contend that Judge Ater, a retired judge, was improperly assigned to hear the cases in question. Because mandamus is not a proper remedy, the application is denied.

## FACTS

Judge Ater, now residing in Troup, Texas, retired from the 70th District Court of Ector County, Texas, by resignation effective May 31, 1992. Previously, on April 29, 1992, Judge Ater prepared and sent to the presiding judge of the First Administrative Judicial Region his "Affidavit to Serve on Judicial Assignment" which was intended to signify to the presiding judge that he was willing to serve on assignment and

that he met the requirements of Tex. Gov't.Code Ann. § 74.055 (Vernon 1988), List of Retired and Former Judges Subject to Assignment. A copy of the affidavit was forwarded to the Office of Court Administration in Austin, on May 6, 1992 by the administrative assistant to the presiding judge. On June 8, 1992, the presiding judge of the First Administrative Judicial Region assigned Judge Ater to the Seventh Administrative Judicial Region and on that same day, the presiding judge of the Seventh Administrative Judicial Region assigned Judge Ater to a number of silicosis damage cases involving many of the same defendants pending in the 70th, 161st, 244th and 358th District Courts of Ector County. On June 29 and 30, 1992, Judge Ater held his first hearing and issued an Amended Pre–Trial Order. On July 18, 1992, Judge Ater sent a letter to Chief Justice Phillips of the Supreme Court of Texas making his election to be designated a senior judge available for assignment. Finally, on August 24, 1992, Relators, the defendants in the trial court, filed objections to Judge Ater's assignment. Following a hearing on August 27, Judge Ater overruled the objections to his assignment on September 9 and subsequent dates on the ground that such objections were not timely since they were not filed prior to the judge's first hearing.

## WERE THE OBJECTIONS TO THE ASSIGNMENT TIMELY?

Under their first point of error, Relators contend that Judge Ater abused his discretion in overruling the objections to his assignment to the cases since he was not eligible for assignment when he was assigned and at the time of the June 29–30 hearing.

The parties agree that Judge Ater retired on May 31, 1992. They also agree that Judge Ater did not follow the procedure for obtaining senior judge status required by Tex.Gov't.Code Ann. § 75.001 (Vernon Supp.1992) [1] until he made his elec-

---

**1.** All statutory references will be to Tex. Gov't.Code Ann. (Vernon 1988) or (Vernon

Supp.1992), unless otherwise indicated.

tion by his letter of July 18, 1992 to Chief Justice Phillips, expressing his desire to sit as a visiting judge and certifying as to his eligibility. Relators contend that Judge Ater was, prior to July 18, without authority to act as a judicial officer and that any hearings conducted by him and any orders or notices made by him prior to that date were void. As a result, they argue that their objections to his assignment were timely since the objections were made prior to the first hearing held by him after he made his election. The real parties in interest answering for Judge Ater (Respondent) assert that by submitting his Affidavit to Serve on Judicial Assignment with the presiding judge of the First Administrative Judicial Region, who in turn on May 6 forwarded a copy of the affidavit to the Office of Court Administration, Judge Ater was qualified to serve on assignment after his retirement on May 31 and was therefore lawfully assigned on June 8. Respondent argues that as a result, Relators' objections which they failed to file prior to the June 29–30 hearing were untimely.

This is a case of first impression on the question of the qualification of a retired judge to be assigned and to act on an assignment prior to making the election required by Section 75.001 and its predecessor, Tex.Rev.Civ.Stat.Ann. art. 6228b, § 7 (Vernon 1970). The question presented to this Court is a pure question of law since Judge Ater was either properly qualified for assignment on June 29–30 or he was not. If he was qualified, the objections of most of the Relators [2] to his assignments, made after that date, were untimely. If he was not, either the assignments and all

proceedings and orders held and made on the strength of those assignments are null and void or, if he was reassigned by the presiding judges after July 18, then the objections filed prior to the August 27 hearing were timely. In that event, he has no discretion in the matter because if a timely objection is filed, his recusation is mandatory under Tex.Gov't.Code Ann. § 74.053(b) (Vernon Supp.1992).[3] *Lewis v. Leftwich*, 775 S.W.2d 848, 850–51 (Tex. App.—Dallas 1989, no writ) (orig. proceeding). The judicial acts of a retired judge who has not met the statutory requirements to be an assigned judge at the time he purports to act are absolutely void. *Akin v. Tipps*, 668 S.W.2d 432, 434 (Tex. App.—Dallas 1984, no writ); *cf. Indemnity Insurance Company of North America v. McGee*, 163 Tex. 412, 356 S.W.2d 666 (1962); *Postal Mut. Indemnity Co. v. Ellis*, 140 Tex. 570, 169 S.W.2d 482, 484 (1943) ("It is settled that the disqualification of a judge, . . . affects his very jurisdiction and power to act, and cannot be waived.") Since the question of the qualification of a retired judge to serve on assignment is a jurisdictional question, it cannot be waived and can be raised at any time. *Tullos v. Eaton Corporation*, 695 S.W.2d 568 (Tex. 1985); *Public Utility Commission of Texas v. J.M. Huber Corporation*, 650 S.W.2d 951, 955 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Lee v. State*, 555 S.W.2d 121, 124 (Tex.Crim.App.1977).

As provided by Section 74.054(a)(2), a judge who may be assigned by the presiding judge of an administrative region in which the assigned judge resides includes "a district or appellate judge who is a retir-

---

**2.** One of the Relators, Houston General Insurance Company, apparently received no notice whatsoever of the June 29–30, 1992 hearing, which would have made it impossible for that defendant to have filed a timely objection before that hearing, as required by Tex.Gov't.Code Ann. § 74.053 (Vernon Supp.1992).

**3.** § 74.053. Objection to Assigned Judge

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

ee under Subtitle D or E of Title 8,[4] who has consented to be subject to assignment, and who is on the list maintained by the presiding judge under this chapter[.]" The retiree gets on the presiding judge's list by meeting the requirements of Section 74.-055, and, we presume, by making a request to the presiding judge that he or she be included on the list.

However, compliance with Section 74.055 does not make the retiree qualified to serve as a judicial officer. It merely gets the retiree on the presiding judge's list of those available for assignment. To be qualified, the retired judge must be a retiree as defined by Section 831.001 et seq. or Section 836.001 et seq. and must make the election required by Section 75.001. The latter section provides that a retiree may make the election to be a judicial officer by submitting a "document" to the Chief Justice of the Supreme Court within ninety days after his retirement, in which case his status as a judicial officer is automatic, Section 75.-001(a) and (b)(1), or if he waits until after the ninetieth day to make the election, he must petition the Supreme Court, in which case the election becomes effective only on approval of his petition by the Supreme Court. Section 75.001(b)(2) and (c).[5] It is clear that this section requires a written "election" by the retiree judge to be a judicial officer. The retiree who makes the election under Section 75.001 is designated a senior judge. It is only after his election becomes effective that the retiree is, as a retired district or county court at law judge, subject to assignment by the presiding judge. Section 75.002(a)(3).

Although the July 18 date of Judge Ater's election was well within the ninety day period following his retirement, he was not qualified to serve on assignment prior

to that date. There is nothing in the law that would make his election, whether within ninety days of his retirement or beyond, retroactive to the date of retirement. Respondent argues that being named on the presiding judge's list is sufficient as long as the retiree makes his election within the ninety day period. To be consistent, the same argument would have to apply to a retiree who delayed making his election until after the ninety day period. However, in the latter situation, the retiree, although eligible, might never become qualified as a senior judge if the Supreme Court refused for whatever reason to approve his petition, as could be the case under Section 75.001(c).

■ In view of the foregoing, we hold that a retiree judge must comply with Section 75.001 before he or she is qualified to be assigned or accept assignment. Accordingly, we conclude that Judge Ater, although otherwise eligible for senior judge status, was not qualified to be assigned and to accept assignments prior to July 18, 1992 when he made the statutorily required election and that all actions taken by Judge Ater prior to that date are therefore null and void. *Lee*, 555 S.W.2d at 124; *cf. Ramey v. Littlejohn*, 803 S.W.2d 872, 873 (Tex.App.—Corpus Christi 1991, no writ). It follows that since he was not qualified for assignment until July 18, 1992, assignments made prior to that date were also a nullity. Therefore, actions taken by him after July 18 in the various suits, including the hearing held on August 27, 1992 and the order of September 9, 1992 overruling the Relators' objections to the assignment, if based on the original assignments, were also void and of no effect.

In the event new assignments of Judge Ater were made by the presiding judges after July 18 to the courts and cases in-

---

4. Sections 831.001 et seq. and 836.001 et seq., respectively.

5. Tex.Rev.Civ.Stat.Ann. art. 6228b, § 7, the predecessor to Section 75.001, provided in relevant part, "Any person who has retired under the provisions of this Judicial Retirement Act may elect in writing addressed to the Chief Justice of the Supreme Court within ninety (90) days after such retirement or within ninety (90) days after the effective date of this amended section, whichever is the later date, to continue as a

judicial officer, in which instance they [sic] shall, with their own consent to each assignment, be subject to assignment by the Chief Justice of the Supreme Court to sit in any court of this state of the same dignity, or lesser, as that from which they retired, and if in a District Court, under the same rules as provided by the present Administrative Judicial Act, and while so assigned, shall have all the powers of judges thereof."

volved in this proceeding, then Relators' objections which were made prior to the first hearing following that date, that is the hearing of August 27, were timely under Section 74.053(c) and recusal is mandatory under Section 74.053(b). *Brown v. Mulanax*, 808 S.W.2d 718, 720 (Tex.App.—Tyler 1991, no writ) (orig. proceeding); *Lewis*, 775 S.W.2d at 850–51.

Relators' first point of error is sustained on the ground that Judge Ater was not qualified as a senior judge subject to assignment at the time the assignments were made and thus, the assignments themselves as well as all proceedings and orders stemming therefrom are a nullity.

In their second point of error, Relators contend that the trial judge erred by overruling their timely objections to his assignments to the cases. This contention has been considered under the first point of error and is relevant only if the presiding judges made new assignments following Judge Ater's qualification on July 18. In the latter event, we sustain the second point of error as well.

### DOES MANDAMUS PROPERLY LIE AGAINST JUDGE ATER?

■ Respondent contends that mandamus does not lie against Judge Ater since he is only a visiting judge, but should have been brought against the permanent judges of the four courts involved, citing *Hoggard v. Snodgrass*, 770 S.W.2d 577, 588 (Tex.App.—Dallas 1989, no writ). In *Hoggard*, two qualified visiting judges had assisted the permanent judge of the 101st District Court by hearing and signing orders in connection with a case. All three judges were named as respondents in a mandamus proceeding. The Court of Appeals held that although the visiting judges had authority to act for the permanent judge at the time, mandamus did not lie against them since they no longer had any authority to act for him in the case. *Hoggard* is not at all relevant authority to our case where an unqualified judge (at the time of assignment) was assigned to preside over the thirteen cases until they were concluded. Arguably, Relators could, and perhaps should, have named the two presiding judges as respondents since it is their

assignment orders of June 8 which we have held to be a nullity. However, we have also held that Judge Ater having not been qualified to serve on assignment prior to July 18, is without authority to act in these cases. His orders entered in connection with the cases are therefore void. Under these circumstances, mandamus is not the proper remedy. The proper extraordinary remedy to seek if he continues to act in the cases without proper assignment may be by application for writ of prohibition preventing him from taking any further action therein. *Akin v. Tipps*, 668 S.W.2d 432 (Tex.App.—Dallas 1984, no writ). However, we are confident that such future action will remain a theoretical possibility only.

Having sustained Relator's first point to the extent that Judge Ater was not qualified for assignment prior to July 18 and that the orders assigning him to the thirteen cases as well as all proceedings held by him and all orders made by him under color of those assignments are void and of no effect, we must deny the application for a writ of mandamus since it is not the proper remedy. It is only in the event that Judge Ater was reassigned by the presiding judges after he qualified on July 18 and refuses to recuse himself that the application is conditionally granted.