

# NUMBERS 13-10-00445-CV & 13-10-00516-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES COSENTINO,                                                          Appellant,

v.

SALLY PETERS,                                                             Appellee.

## On appeal from the County Court at Law No. 1
## of Hidalgo County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

Appellant James Cosentino appeals a domesticated judgment enforced against

him by appellee Sally Peters through a pre- and post-judgment writ of garnishment.

*See* TEX. R. CIV. P. 658; TEX. CIV. PRAC. & REM. CODE ANN. §§ 63.001–.008 (West 2008).

In this consolidated appeal,[1] Cosentino asserts by three issues that: (1) the prior mandamus proceeding in this case does not preclude him from relief under his present appeal; (2) the trial court abused its discretion in denying his motion to dissolve the pre-judgment writ of garnishment; and (3) the post-judgment writ of garnishment was void because the pre-judgment writ of garnishment was void. Because we conclude that the trial court did not abuse its discretion in denying Cosentino's motion to dissolve the pre-judgment writ of garnishment, we affirm.

## I. BACKGROUND

In January 2009, Peters obtained a contempt of court order in Snohomish County, Washington against Cosentino following Cosentino's non-compliance with the couple's 2001 divorce decree. A Washington superior court found Cosentino non-compliant with the decree and indebted to Peters in the amount of $172,870.86 plus interest and costs.

On June 8, 2009, Peters's Washington-based attorney filed a notice of the judgment in Hidalgo County, Texas, where Cosentino resided. Months later, Peters filed an application for a pre-judgment writ of garnishment, with accompanying affidavit, in Hidalgo County naming BBVA Compass ("Compass Bank") as garnishee.[2] After holding an ex-parte hearing, the trial court signed an amended order which issued the pre-judgment writ of garnishment "against James Cosentino" and ordered Peters to post a bond in the amount of $1,000.00. Pursuant to the order, the Hidalgo County Clerk's Office issued a citation on the pre-judgment writ of garnishment, to which Compass Bank

---

[1] The two cause numbers associated with this appeal are: (1) 13-10-00445-CV and (2) 13-10-00516-CV.

[2] From this point forward, Peters was and remains represented by Texas-based counsel.

answered.

After Compass Bank answered, Cosentino filed a motion to dissolve the writ of garnishment on the grounds that the underlying judgment did not comply with the rules of civil procedure or the Uniform Enforcement of Foreign Judgments Act (UEFJA).[3]  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–.008 (West 2008).   Prior to the hearing on Cosentino's motion to dissolve, Peters filed her own motions, including one to amend her bond in order to comply with Texas Rule of Civil Procedure 658a.   TEX. R. CIV. P. 658a (specifying the bond requirements for a pre-judgment writ of garnishment).   On March 11, 2010, the trial court denied Cosentino's amended motion to dissolve the writ, granted Peters's motion to amend her bond, and found that Peters's foreign judgment was properly domesticated under chapter 35 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–.008*.*   Soon thereafter, Peters applied for, and was granted, a post-judgment writ of garnishment against Compass Bank pursuant to the domesticated Washington judgment.   A final judgment in garnishment was signed on July 12, 2010, and Cosentino appealed.[4]

## II.    PRIOR MANDAMUS PROCEEDING

As a preliminary issue, Cosentino argues that his earlier unsuccessful mandamus proceedings in this case, *see In re Cosentino*, No. 13-10-00202-CV, 2010 WL 2006258,

---

[3] Cosentino filed an amended motion asserting more grounds in support of dissolving the writ, including:  (1) Peters's initial filing of the foreign judgment was performed by a non-Texas licensed attorney; (2) the orders for issuance of the prejudgment writ was against Cosentino rather than Compass; (3) Cosentino did not have notice of the filing of the foreign judgment pursuant to the civil practice and remedies code; and (4) Peters's bond was improper according to rule 658a of the Texas Rules of Civil Procedure.   *See* TEX. R. CIV. P. 658a.

[4] A Final Judgment in Post-Judgment Garnishment was also signed and entered on August 18, 2010 and appealed under Cause No. 13-11-00516-CV.

at *1 (Tex. App.—Corpus Christi 2010, orig. proceeding), did not procedurally bar him from raising the same or similar issues in the present appeal. We agree.

A writ of mandamus is "a discretionary writ, and its denial without comment on the merits, cannot deprive another appellate court from considering the matter in a subsequent appeal." *Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007) (per curiam). "Mandamus is only available when a final appeal would be inadequate; if filing for mandamus precluded a final appeal, that requirement would be self-fulfilling." *Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008) (internal citation omitted). Accordingly, we sustain Cosentino's first issue and address the merits of his remaining issues.

### III.     PRE-JUDGMENT WRIT OF GARNISHMENT

Cosentino asserts that the trial court abused its discretion in denying his motion to dissolve Peters's pre-judgment writ of garnishment because strict compliance with the rules and statutes is required before garnishment can be allowed.

### A.     Applicable Law and Standard of Review

"A writ of garnishment impounds the alleged money, property, or credits of the debtor, even before a judgment is obtained against him in the main suit." *Beggs v. Fite*, 130 Tex. 46, 52 106 S.W.2d 1039, 1042 (1937); *see Mendoza v. Luke Fruia Inv., Inc.*, 962 S.W.2d 650, 651 (Tex. App.—Corpus Christi 1998, no pet.). Because the remedy of garnishment is "summary and harsh," "such proceedings cannot be sustained unless they are in strict conformity with statutory requirements." *Beggs*, 106 S.W.2d at 1042; *Mendoza*, 962 S.W.2d at 651; *see also* TEX. R. CIV. P. 658; TEX. CIV. PRAC. & REM. CODE ANN. § 63.001–.008.

4

A debtor defendant may move to dissolve the writ of garnishment "for any grounds or cause, extrinsic or intrinsic," and "the motion shall be heard promptly." TEX. R. CIV. P. 664a. At the hearing, the writ shall dissolve unless "the plaintiff shall prove the grounds relied upon for its issuance." *Id.* A trial court's ruling on a motion to dissolve a writ of garnishment is reviewed for an abuse of discretion. *See Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 276 S.W.3d 109, 111 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B.    Discussion

### 1.  Garnishee Amendment

Cosentino first argues that Peters's initial application for pre-judgment writ of garnishment was invalid because the trial court's first order listed Cosentino as the garnishee rather than Compass Bank. Despite the error in the trial court's order of issuance, Cosentino argued in his motion to dissolve—and reasserts in this appeal—that Peters improperly served the pre-judgment writ on Compass Bank and that the trial court abused its discretion in denying his motion to dissolve on this ground.

While we agree with Cosentino that the trial court's signed December 2009 order erroneously named Cosentino as the garnishee rather than Compass Bank, the trial court corrected this error in its April 20, 2010 order whereby it named Compass Bank as the appropriate garnishee. The trial court did not abuse its discretion in amending the order for issuance on the pre-judgment writ because it was within its authority to do so

5

upon proper motion by Peters. *See* TEX. R. CIV. P. 679 (allowing clerical errors in the affidavit, bond, or writ to be amended by order so long as such amendment be in furtherance of justice).

Here, Peters filed a motion, prior to the scheduled hearing on Cosentino's motion to dissolve, to amend the pre-judgment issuance of writ in order to rectify the clerical error naming the wrong garnishee. A garnishee is a third-party that "is indebted to, or has in its possession effects belonging to the debtor." *Ramsey v. Davis*, 261 S.W.3d 811, 816 (Tex. App.—Dallas 2008, pet. denied). Applying that definition, it appears axiomatic that a defendant-debtor cannot also be his own garnishee. Therefore, we conclude that the trial court corrected a clerical error and did not abuse its discretion by amending the pre-judgment issuance order to reflect Compass Bank as the proper garnishee. *See* TEX. R. CIV. P. 679.

### 2. Bond

Next, Cosentino argues that the bond Peters relied upon to justify the pre-judgment writ of garnishment was not in compliance with rule of civil procedure 658a. The December 2009 pre-judgment issuance order stated that Peters was to "post a bond in the amount of $1,000.00 payable to [Cosentino], conditioned as required by law." Rule 658a provides the following guidance:

> No writ of garnishment shall issue before final judgment until the party applying therefor has filed with the officer authorized to issue such writ a bond payable to the defendant in the amount fixed by the court's order, with sufficient surety or sureties as provided by statute, conditioned that the plaintiff will prosecute his suit to effect and pay to the extent of the penal amount of the bond all damages and costs as may be adjudged against him for wrongfully suing out such writ of garnishment.

TEX. R. CIV. P. 658a.

Furthermore, before or after the issuance of the writ, either party may file a motion to increase or decrease the amount of the bond, or to question the sufficiency of the sureties ordered. *See id.* In this case, both parties filed motions questioning either the sufficiency of the surety (Cosentino) or sought to amend the bond due to clerical errors (Peters). Cosentino contends on public policy grounds that the trial court's order amending the bond renders rule 658a meaningless and cites *El Periodico, Inc. v. Parks Oil Co.* for support. 917 S.W.2d 777 (Tex. 1996). We find that case procedurally and substantively distinguishable and inapplicable under the present set of facts. *El Periodico* specifically dealt with an appeal on a grant for summary judgment despite the garnishor's defective application for a writ of garnishment; that is not the case here. *See* TEX. R. CIV. P. 658a; *El Periodico*, 917 S.W. at 779.

Peters recognized that the initial bond was improperly drafted, that the surety language was not properly specified, and that she provided a cash bond where none was required. The cash bond was not required under the rules, but was nonetheless ordered and complied with by Peters. To remedy this clerical error, Peters moved for and received—over Cosentino's objections—an amended order of issuance of prejudgment writ of garnishment and corrected the bond requirement under rule 658a. The amended bond order was within the trial court's discretion pursuant to rule 679 and signed prior to the second amended order for issuance of prejudgment writ of garnishment. *See* TEX. R. CIV. P. 679 (allowing a trial court to amend clerical errors on a bond).

7

### 3. Notice under UEFJA

Finally, Cosentino argues that he was not given the requisite notice under the UEFJA of the filing of the Washington state court judgment in Texas prior to the issuance of the pre-judgment writ of garnishment. The applicable UEFJA statute states the following:

(a) At the time a foreign judgment is filed, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor.

(b) The clerk shall promptly mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall note the mailing in the docket.

(c) The notice must include the name and post office address of the judgment creditor and if the judgment creditor has an attorney in this state, the attorney's name and address.

Acts 1985, 69th Leg., ch. 959, § 1 (West).[5] As an alternative under the pre-2011 statute, the judgment creditor could have also mailed a notice of filing of the judgment to the debtor and filed proof of the mailing with the clerk, s*ee* Acts 2011, 82nd Leg., ch. 65 (S.B. 428), § 2 (West);[6] and a clerk's failure to mail the notice of filing did not affect the enforcement proceedings if proof of mailing by the creditor had been filed. *See id.*

Peters's Washington-based counsel complied with section 35.004(a) at the initial filing of the foreign judgment in Hidalgo County. The judgment was accompanied by Peters's attorney's affidavit which stated the last known post office address for Cosentino, the judgment debtor, and Peters, the judgment creditor. *See* Acts 1985, 69th Leg., ch.

---

[5] We will analyze Cosentino's notice arguments under the pre-May 17, 2011 version of section 35.004 that was in effect at the time of these proceedings.

[6] Section 35.005 was repealed effective May 17, 2011. *See* Acts 2011, 82nd Leg., ch. 65 (S.B. 428), § 2 (West).

959, § 1 (West). However, the record is void of the clerk's compliance with section 35.004(b) which required a notice of filing to be promptly mailed to the judgment debtor and noted on the docket. Peters instead complied with former section 35.005(b), which allowed for the judgment creditor to mail the notice of filing directly to the judgment debtor with proof of mailing filed with the clerk.

Peters's mailing was postmarked January 21, 2010—approximately seven months after the initial filing and approximately two months following the first application for pre-judgment writ of garnishment. Cosentino asserts that this delayed mailing made the orders pertaining to the foreign judgment void, including the issuance of the pre-judgment writ of garnishment. We disagree. Cosentino relies on case law where a trial court ordered enforcement of a foreign judgment under the UEFJA without any notice provided to the debtor pursuant to notice provisions applicable in this case. *See Allen v. Tennant*, 678 S.W.2d 743, 743 (Tex. App.—Houston [14th Dist.] 1984, no pet.). The Houston Court held that the enforcement of the foreign judgment was void without notice to the debtor of the filing. *Id.* at 744. Accordingly, the Houston Court concluded that the trial court was without power to enforce the judgment including all orders and set them aside as void. *Id.*

The *Allen* holding is procedurally distinguishable from the present case because the trial court here did not attempt to enforce the foreign judgment prior to Peters's compliance with the notice provisions. Instead, the trial court issued a pre-judgment writ of garnishment under rule 658. *See* Tex. R. Civ. P. 658 (setting forth requirements for a pre-judgment writ of garnishment, including the bond requirement). At this point in the proceedings, the trial court did not order post-judgment enforcement of the underlying

9

foreign judgment because it was not fully domesticated. *See generally Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 738 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (recognizing that the validity of judgment in a garnishment action rests upon the finality of the underlying debt judgment). The trial court later found, on March 25, 2010, that Peters's foreign judgment had been properly domesticated. This was two months after Peters's compliance with the notice requirements. The trial court then ordered enforcement of the judgment under proper jurisdiction. *See Allen*, 678 S.W.2d at 743–44 (indicating that no notice was provided to judgment debtor leaving the trial court without jurisdiction).

We conclude that the trial court did not abuse its discretion in denying Cosentino's motion to dissolve and overrule his second issue.

## IV.   POST-JUDGMENT WRIT OF GARNISHMENT

In his final issue, Cosentino asserts that the final judgment in Peters's post-judgment garnishment is void because it is derived from a void pre-judgment writ.

Cosentino correctly argues that a post-judgment garnishment proceeding is ancillary to the underlying suit and that a garnishment is void when the underlying judgment is void. *See Baca*, 823 S.W.2d at 739; *Tom Benson Chevrolet Co., Inc. v. Beall*, 567 S.W.2d 857, 859 (Tex. App—San Antonio 1978, (writ ref'd n.r.e) (holding that "a judgment that is nonexistent will not support a garnishment judgment"). We disagree, however, that the underlying judgment in this case is void. As discussed above, we agree with the trial court's finding that Peters's Washington judgment was properly domesticated by the trial court under the UEFJA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.001–.008. Therefore, the post-judgment writ of garnishment was

10

issued on a valid underlying domesticated judgment.    *See* Tᴇx. R. Cɪv. P. 658.

Cosentino's third issue is overruled.

## V.    CONCLUSION

The trial court's judgments are affirmed.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
28th day of June, 2012.