Peter B. THOMAS, Plaintiff, Appellant,

v.

The MEMBERS OF the CITY COUNCIL
OF PORTLAND, et al.,
Defendants, Appellees.

No. 83–1786.

United States Court of Appeals,
First Circuit.

Argued March 7, 1984.

Decided March 23, 1984.

Murrough H. O'Brien, Portland, Me., with whom Dunlap & O'Brien, Portland, Me., was on brief, for plaintiff, appellant.

William J. Kayatta, Jr., Portland, Me., with whom Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, and COFFIN and BREYER, Circuit Judges.

PER CURIAM.

Appellant, Peter B. Thomas, argues that the City of Portland, Maine, and various city officials infringed his constitutional rights by denying him a permit to carry a concealed handgun. Established case law makes clear that the federal Constitution grants appellant no right to carry a concealed handgun. *See, e.g., United States v. Miller,* 307 U.S. 174, 178, 59 S.Ct. 816, 818, 83 L.Ed. 1206 (1939) (second amendment applies only to weapons that have a "reasonable relationship to the preservation or efficiency of a well regulated militia."); *United States v. Oakes,* 564 F.2d 384, 387 (10th Cir.1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 521 (1978) (same); *United States v. Johnson,* 497 F.2d 548, 550 (4th Cir.1974) (same); *Presser v. Illinois,* 116 U.S. 252, 265, 6 S.Ct. 580, 584, 29 L.Ed. 615 (1886) (second amendment confers rights as against activity by the "federal government only"); *Quilici v. Village of Morton Grove,* 695 F.2d 261, 269–70 (7th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 194, 78 L.Ed.2d 170 (1983) (same); *Cases v. United States,* 131 F.2d 916, 921 (1st Cir.1942), *cert. denied,* 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943) (same); *United States v. Warin,* 530 F.2d 103, 106 (6th Cir.), *cert. denied,* 426 U.S. 948, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976) (second amendment grants right to the state, not the individual); *Stevens v. United States,* 440 F.2d 144, 149 (6th Cir.1971) (same). *See Lewis v. United States,* 445 U.S. 55, 65 n. 8, 100 S.Ct. 915, 920 n. 8, 63 L.Ed.2d 198 (1980). Principles of res judicata bar appellant's remaining claims against the chief of police. *Migra v. Warren City School District Board of Education,* —— U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). And, the opinion of the magistrate, adopted by the district court, adequately discusses any other of appellant's claims. The judgment of the district court, dismissing appellant's case, is

*Affirmed.*