In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00147-CV
______________________________


S. WILT, Appellant
Â 
V.
Â 
TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law
Hunt County, Texas
Trial Court No. CC0200337


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â The Texas Department of Public Safety (the Department) denied Steve Scott Wilt's
application for renewal of his concealed handgun permit because he had recently been convicted of
three Class A and B misdemeanor offenses. See Tex. Gov't Code Ann. Â§ 411.172(a)(8) (Vernon
Supp. 2004). Wilt appealed the Department's decision to a Hunt County Justice Court. See Tex.
Gov't Code Ann. Â§ 411.180 (Vernon Supp. 2004). The Justice Court found the evidence supported
the Department's decision and affirmed the denial of the renewal permit. Wilt further appealed to
the County Court at Law of Hunt County, which after a bench trial de novo affirmed the denial of
the permit renewal. Wilt now appeals to this Court, raising three points of error. 
Â Â Â Â Â Â Â Â Â Â Â Â Wilt first contends the trial court erred by sustaining the Department's plea to the jurisdiction. 
Second, Wilt argues the United States and Texas constitutional provisions concerning the right to
keep and bear arms allow him to carry a concealed handgun. Third, Wilt contends the trial court
erroneously based its decision on facts that were not admitted into evidence. We overrule all three
points of error and affirm the trial court's judgment.
I. Plea to the Jurisdiction
Â Â Â Â Â Â Â Â Â Â Â Â In his first point of error, Wilt contends the trial court erred by sustaining the Department's
plea to the jurisdiction of the trial court, the County Court at Law. Before the trial, the Department
filed a special plea claiming the trial court lacked jurisdiction. At trial, the Department withdrew
its plea to the jurisdiction of the court and proceeded with a trial on the merits of Wilt's appeal. 
Accordingly, Wilt's first point of error is moot.
II. The Right to Bear Arms
Â Â Â Â Â Â Â Â Â Â Â Â In his second point of error, Wilt contends the trial court's judgment infringes on his right
under the United States and Texas Constitutions to keep and bear arms. See U.S. Const. amend.
II; Tex. Const. art I, Â§ 23. 
Â Â Â Â Â Â Â Â Â Â Â Â The federal courts have repeatedly upheld the authority of the federal Legislature to impose
reasonable regulations and restrictions on gun ownership. See, e.g., United States v. Miller, 307 U.S.
174, 178 (1939) (No showing short-barrel shotgun necessary for militia; Congress may prohibit such
weaponry); United States v. Wilks, 58 F.3d 1518 (10th Cir. 1995) (Congress may regulate machine
gun ownership and sales occurring in interstate commerce). Similarly, states may impose reasonable
regulations on gun ownership. See, e.g., Thomas v. Members of City Council, 730 F.2d 41 (1st Cir.
1984) (Second Amendment granted appellant no right to carry a concealed handgun). 
Â Â Â Â Â Â Â Â Â Â Â Â In Texas, "[a] permit to carry a concealed handgun, like other permits and licenses, is not a
right but a privilege under regulations prescribed by the legislature." Tex. Dep't of Pub. Safety v.
Tune, 977 S.W.2d 650, 653 (Tex. App.âFort Worth 1998), pet. dism'd w.o.j., 23 S.W.3d 358 (Tex.
2000). The Texas Constitution expressly authorizes the Texas Legislature "to regulate the wearing
of arms, with a view to prevent crime." Tex. Const. art. I, Â§ 23. One such regulation forbids the
Department from granting concealed handgun permits to those who have been convicted of a
ClassÂ A or B misdemeanor, or to those who have been convicted of a felony. Tex. Gov't Code
Ann. Â§Â 411.172(a)(8); see Tune, 977 S.W.2d at 653. 
Â Â Â Â Â Â Â Â Â Â Â Â In the case now before us, Wilt does not contend Texas' restrictions on the issuance of
handgun permits are unreasonable or otherwise exceed the Constitution's regulatory authorization. 
Instead, Wilt argues that his "right to keep and bear arms even in a concealed manner should not be
infringed upon because of the false charges and discrimination offered by [the junior college where
Wilt was arrested for criminal trespass]." We see Wilt's point of error as more appropriately a
challenge to the sufficiency of the evidence.
Â Â Â Â Â Â Â Â Â Â Â Â In determining whether there is in the record evidence of probative force to support the
fact-finder's verdict, we must (1) consider all of the evidence in the light most favorable to the party
in whose favor the verdict has been rendered, and (2) apply every reasonable inference that could
be made from the evidence in that party's favor. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997). In this review, we disregard all evidence and inferences to the contrary. 
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Best v. Ryan Auto Group, Inc.,
786 S.W.2d 670, 671 (Tex. 1990). A no-evidence point will be sustained when (a) there is a
complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to
prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the
opposite of a vital fact. Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998).
Â Â Â Â Â Â Â Â Â Â Â Â The trial court upheld the Department's denial of Wilt's renewal application because Wilt had
recently been convicted of three Class A and B misdemeanor offenses. The Department offered
certified records of the judgments and sentences for Wilt's convictions for criminal trespass, evading
arrest, and resisting arrest.


 Wilt did not object to the admission of these certified judgments. Wilt
also tacitly admitted being convicted in the cases represented by these documents. Because those
certified records show Wilt was convicted of three misdemeanors, occurring less than five years
before Wilt's application for a concealed handgun permit, we find the evidence is sufficient to
support the trial court's judgment in favor of the Department. See Tex. Gov't Code Ann.
Â§Â 411.172(a)(8); Tex. Dep't of Public Safety v. LaFleur, 32 S.W.3d 911, 915â16 (Tex.
App.âTexarkana 2000, no pet.). We overrule Wilt's second point of error.
III. Judgment Based on Facts not in Evidence
Â Â Â Â Â Â Â Â Â Â Â Â In his final point of error, Wilt contends the trial court erroneously based its ruling on facts
that were not admitted into evidence. In his brief to this Court, Wilt has not shown what facts the
trial court erroneously considered. An appellant's brief "must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App.
P. 38.1(h); see also Haas v. George, 71 S.W.3d 904, 914 (Tex. App.âTexarkana 2002, no pet.)
(nothing presented for review when the brief failed to explain how facts of the case relate to
requirements of claim). Accordingly, Wilt has waived his final point of error.
IV. Conclusion
Â Â Â Â Â Â Â Â Â Â Â Â For the reasons stated, we affirm the trial court's judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â June 29, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â June 30, 2004



hasis"/>
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00012-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MICHAEL KENNEDY,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JAMES T. WORTHAM [SIC], ET AL., Appellees

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 3rd Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Anderson
County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 3-41100

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  O P I N I O N

Â 

Â Â Â Â Â Â Â Â Â Â Â  In
the district court of Anderson County, Michael Kennedy (Kennedy), a Texas
prison inmate, filed a lawsuit against all three justices of the Texas Court of
Appeals for the Twelfth Appellate District, all four district court judges in
Anderson County, and William M. House, the counsel formerly appointed to
represent him, alleging various discriminatory acts taken by the justices and
judges, as well as the false and prejudicial actions taken by House in
prosecuting one of KennedyÂs prior appeals. Â The trial judge, the Honorable Deborah Oakes
Evans, was a named party in the lawsuit. Acting on its own motion, the trial
court dismissed the suit without a hearing, finding that the suit was frivolous
or malicious and that Kennedy failed to satisfy the requirements of Chapter 14
of the Texas Civil Practice and Remedies Code.[1]

Â Â Â Â Â Â Â Â Â Â Â  On
appeal, Kennedy argues that the trial court erred in that Judge Evans could not
preside over his case because, as a named defendant, she was disqualified to
act.[2]
Â We affirm the order of dismissal because
we find Judge Evans did not have a direct personal or pecuniary interest in the
case. 

Â Â Â Â Â Â Â Â Â Â Â  In
his petition, Kennedy specifically accused the justices and judges of
discriminating against him by: Â (1)
allowing Danielle Simpson to dismiss his (SimpsonÂs) appeal and be executed,
(2) wrongly dismissing a court action he filed, (3) refusing to allow him to
represent himself, and (4) appointing Âfalse counselÂ to represent him.Â  He also accused House of filing Âfalse,
malice, prejudicial errorsÂ in the course of KennedyÂs appeal, cause number
12-08-00246-CR.Â  

Â Â Â Â Â Â Â Â Â Â Â  On
its own motion, under the provisions of Chapter 14 of the Texas Civil Practice
and Remedies Code, the trial court dismissed KennedyÂs lawsuit[3]
without a hearing, finding that the suit was frivolous or malicious, that
Kennedy failed to Âstate the civil cause of action[,]Â and that he also failed
to file an affidavit of indigency and statement of previous filings with his
lawsuit. 

Â Â Â Â Â Â Â Â Â Â Â  Judge Evans did not have a direct pecuniary
or personal interest in the case

Â Â Â Â Â Â Â Â Â Â Â  Disqualification
cannot be waived and can be raised at any time. Â Buckholts
Indep. Sch. Dist. v. Glaser, 632 S.W.2d 146, 148 (Tex. 1982).Â 
As a general rule, a judge who is a party to a suit, even though he or
she has not been served with process, may not preside over that case, decide
any matters requiring judicial discretion, or approve the minutes of the
court.Â  Hawpe v. Smith, 22 Tex. 410 (1858).Â 
Article V, Section 11 of the Texas Constitution provides that no judge
shall sit in any case wherein he or she may be interested.Â  See
Tex. Const. art. V, Â§ 11.Â  Likewise, Rule 18b(1) of the Texas Rules of
Civil Procedure provides that the judges shall disqualify themselves in all
proceedings in which they have an interest in the subject matter in
controversy.Â  See Tex. R. Civ. P.
18b(1)(b).Â  The interest that
disqualifies a judge is an interest, however small, which rests on a direct
pecuniary or personal interest in the result of the case.Â  Cameron
v. Greenhill, 582 S.W.2d 775, 776 (Tex. 1979) (per curiam).Â  If a judge is disqualified, the judge is
without jurisdiction to hear the case, and therefore, any judgment rendered is
void and a nullity. Â Glaser, 632 S.W.2d at 148; Gulf
Mar. Warehouse Co. v. Towers, 858 S.W.2d 556, 560 (Tex. App.ÂÂBeaumont
1993, writ denied); Lone Star Indus.,
Inc. v. Ater, 845 S.W.2d 334, 336 (Tex. App.ÂÂEl Paso 1992, no writ).Â  However, under certain circumstances, a judge
may preside over a case despite being named as a defendant. Â See
Cameron, 582 S.W.2d at 776; see also Hidalgo County Water Con. &
Imp. Dist. No. 1 v. Boysen, 354 S.W.2d 420, 423 (Tex. App.ÂÂSan Antonio
1962, writ refÂd). 

Â Â Â Â Â Â Â Â Â Â Â  In
Cameron, 582 S.W.2d at 776, an
attorney sued the nine justices of the Supreme Court of Texas complaining of
the supreme courtÂs order setting a special fee assessment against members of
the state bar association.Â  The trial
court dismissed the case, and the court of civil appeals affirmed.Â  Id.
at 776.Â  Upon reaching the supreme court,
the attorney argued that the justices were disqualified or required to recuse
because they were all named as defendants in the suit.Â  Id.
at 775Â76.Â  The supreme court held that
the members were not disqualified because they had no more direct or pecuniary
interest in the case than any other member of the bar association.Â  Id.
at 776.Â  Regarding disqualification, the
court stated:

In applying the rule of disqualification, we
should endeavor to follow the spirit and intent of the Constitutional rule. Â The Constitution does not contemplate that
judicial machinery shall stop. Â If this
is threatened, the doctrine of necessity will permit the judge to serve. Â Boysen,
354 S.W.2d at 423. Â Respondents are
parties only because they are named as parties. Â To hold that merely naming a judge as a party
would disqualify him would put power in the hands of litigants to frustrate our
judicial system.

Â 

Id.

Â Â Â Â Â Â Â Â Â Â Â  Here,
the issue is whether Judge Evans had a direct pecuniary or personal interest in
this case.Â  KennedyÂs petition did not
seek money damages; therefore, Judge Evans has no pecuniary interest in this
case. Â Instead, Kennedy sought injunctive
relief prohibiting Âall judges from discriminating.Â 

Â Â Â Â Â Â Â Â Â Â Â  Judges
in Texas are prohibited from discriminating by constitutional mandate.Â  ÂEquality under the law shall not be denied
or abridged because of sex, race, color, creed, or national origin.Â  This amendment is self-operative.ÂÂ  Tex.
Const. art. I, Â§ 3a.Â Â 
Additionally, the ethical code for Texas judges prohibits discrimination
based upon Ârace, sex, religion, national origin, disability, age, sexual
orientation or socioeconomic status, . . . .ÂÂ 
Tex. Code Jud. Conduct, CanonÂ 3(B)(6), reprinted in Tex. GovÂt Code Ann., tit. 2, subtit. G app. B (Vernon 2005).
Â A violation of that code could result in
the judge or justice being censured, suspended, or ultimately removed from
office.Â  Tex. Const. art. V, 1-a.Â 
Even if Kennedy obtained a judgment prohibiting all judges, including
Judge Evans, from discriminating, it would not add one additional burden or
duty that Judge Evans does not already have imposed by law. 

Â Â Â Â Â Â Â Â Â Â Â  Further,
the facts of this case are similar to those of Cameron, in that Judge EvansÂ personal interest in the outcome and
subject of this case is no more than that of every other jurist in the State of
Texas, as evidenced by the requirements of the Texas Constitution and the Code
of Judicial Conduct. Â Judge Evans did not
have a direct interest in the case that would require her disqualification. Â We overrule KennedyÂs point of error and
affirm the trial courtÂs order of dismissal. 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  May 14, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  May 21, 2010

Â 











[1]The
trial court also ordered Kennedy to pay court fees and costs in the amount of
$229.00.

Â 





[2]Kennedy
does not contest the trial courtÂs findings that his pleadings failed to meet
the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code.





[3]The
trial court dismissed KennedyÂs lawsuit without prejudice.