## J. C. HAWPE v. GEORGE M. SMITH, ADM'R.

It is error, for a judge to overrule a motion for change of venue, in a case in which he is a party defendant on the record, but not served with process, although the motion be made by a co-defendant, who *is* served; and a subsequent dismissal, as to the judge, will not cure the error.

ERROR from Dallas. Tried below before the Hon. Nat. M. Burford.

*John J. Good,* for plaintiff in error. 1st. At common law, no one can sit as judge upon the trial of his own cause.

The Congress of the Republic, inhibited District judges from presiding upon the trial of cases, in which they *may be interested,* (Hart. Dig. Art. 637,) and the same inhibition is made part of the State constitution. (Art. 4, § 14; Hart. Dig. p. 63.) Modes are pointed out for the trial of such cases. (Hart. Dig. Art. 637, 654.) The presiding judge was a joint and several promisor in the note sued on, was made a party defendant, and judgment prayed for against him.

2d. The venue should have been changed. (Hart. Dig. Art. 637.)

3d. There was merit in the defence.

*E. P. Nicholson,* for defendant in error. This suit was for the recovery of $2,800, evidenced by a note executed by Hawpe, as principal, and Burford and Nicholson, as sureties. Burford and Nicholson were never served with process, and Smith dismissed the suit as to them.

The objection to the court below trying this case, upon the ground of interest, comes badly from Hawpe. Smith was the man, from whom the objection would properly have come. He was willing to submit his case to the court, and recovered a judgment, with which he was satisfied.

The plaintiff in error has not shown, that he was wronged in any way, by the rendition of the judgment; but claims a rever-

sal, simply because the court rendered judgment upon a note, which Judge Burford had executed as security, when the suit was dismissed as to him.

ROBERTS, J. In this case, we are referred to the constitution and laws relating to the disqualification of judges of the District Court, (Hart. Dig. p. 63, and Art. 637, 654) and to the statute concerning the change of venue. (Id. Art. 637.) No further authorities or argument are furnished. The presiding judge was a party to the note sued on, and he was joined as co-defendant in the suit, though the process had not been served on him. The motion for a change of venue, on the ground of his disqualification, was made by his co-defendant, who was served, and overruled by the judge, before the discontinuance of the suit, as to him, was taken by the plaintiff below.

From the lights before us, we are of opinion, that the motion should have been granted, and that the court erred in overruling it. The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.