587 F.2d 850
 Charles R. ABLES and Jerome C. Ables, Sr., Plaintiffs-Appellants,
v.
William H. D. FONES, Ray L. Brock, Jr., Robert E. Cooper,
William J. Harbison, Joseph W. Henry and John A.
Parker, Defendants-Appellees.
 No. 77-1113.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 11, 1978.
Decided Dec. 4, 1978.
 
 William M. Ables, Jr., South Pittsburg, Tenn., for plaintiffs-appellants.
 Brooks McLemore, Jr., Atty. Gen. of Tenn., C. Hayes Cooney, William M. Leech, Jr., Nashville, Tenn., for defendants-appellees.
 Before EDWARDS and ENGEL, Circuit Judges, and LAWRENCE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, two practicing attorneys in the State of Tennessee, appeal from the district court's dismissal of their complaint challenging authority of the Supreme Court of Tennessee to adopt Tennessee Supreme Court Rule 42. That rule, a step in the integration of the Tennessee Bar, provides Inter alia for the annual registration of attorneys practicing law in Tennessee and for the payment by them of an annual license fee to support a state-wide disciplinary enforcement system through the establishment of a disciplinary board of the Supreme Court of Tennessee and related personnel whose powers and responsibilities are set forth in the rule.
 
 
 2
 Plaintiffs have urged in the district court and here that the Tennessee Supreme Court's ruling in other state actions before it, to the effect that all state court suits challenging its authority to promulgate the rule must initially be filed in that court, violated the rights of plaintiffs and other practicing attorneys to procedural and substantive due process guaranteed them under the Fourteenth Amendment to the United States Constitution. They also challenge on due process and equal protection grounds the authority of the Tennessee Supreme Court to promulgate the rule itself.
 
 
 3
 The Supreme Court of Tennessee has held that it has the authority under existing Tennessee law to promulgate such a rule and to hear original challenges to it. Petition of the Tennessee Bar Association, 532 S.W.2d 224, 229 (Tenn.1975); State ex rel. Carden v. Fones, 539 S.W.2d 810 (Tenn.1976). We accept the interpretation by the highest court of the State of Tennessee of the extent of its own power and authority under the Constitution and laws of the State of Tennessee.
 
 
 4
 In Buschbacher v. Supreme Court of Ohio, No. C-2-75-743, 75-751, 76-309 (S.D.Ohio 1976), Aff'd sub nom. Cuyahoga County Bar Assn. v. Supreme Court of Ohio, 430 U.S. 901, 97 S.Ct. 1167, 51 L.Ed.2d 577 (1977), the Supreme Court of the United States summarily affirmed the judgment of a three-judge district court which had denied relief under circumstances not unlike those presented here. In that case, the constitutionality of Rule 7 of the Ohio Supreme Court, which requires practicing attorneys to register and pay a biennial fee, was upheld in the face of similar charges of procedural due process, substantive due process, and equal protection violations. We are unable to find any significant difference between that case and the instant case or any real reason for applying a different rule of law here.
 
 
 5
 Appellants' claim that the Tennessee Supreme Court was without power under applicable state statutory and constitutional provisions to hear directly the challenges to the validity of Rule 42 is a matter for resolution by that state's judicial and political processes. The action taken does not offend any rights of the appellants which are guaranteed by the United States Constitution.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 Hon. Alexander A. Lawrence, Senior Judge, United States District Court for the Southern District of Georgia, sitting by designation