Mila K. CAMERON, Appellant,

v.

Honorable Joe R. GREENHILL et al., Appellees.

No. 12977.

Court of Civil Appeals of Texas, Austin.

Feb. 21, 1979.

Rehearing Denied Feb. 28, 1979.

J. P. Darrouzet, Austin, for appellant.

Mark White, Atty. Gen., Douglas B. Owen, Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

Appellant filed an administrative appeal in the district court of Travis County. In her petition appellant named each of the nine members of the Supreme Court of Texas as defendants. Appellant sued the justices "in their capacity as the regulatory or administrative head of the Legislatively controlled profession of law," and attacked in her petition the validity of a Supreme Court order of May 3, 1978, which called for a one-time fee assessment of certain members of the State Bar of Texas. The district court's jurisdiction was alleged to exist solely under the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 19 (Supp.1978), and appellant contended her suit was an "appeal," under the Act.

Appellees filed, among other pleadings, a plea to the jurisdiction which, after hearing, the trial court granted and ordered the case dismissed.

Appellant's point of error, which we overrule, is the error of the court in refusing jurisdiction under art. 6252–13a.

The Administrative Procedure Act applies only to an "agency," as that term is defined in art. 6252–13a, § 3(1), which reads as follows:

" 'Agency' means any state board, commission, department, or officer having statewide jurisdiction, *other than* an agency wholly financed by federal funds, the legislature, *the courts*, the Industrial Accident Board, and institutions of higher education, that makes rules or determines contested cases." Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 3(1) (Supp. 1978). (Emphasis added).

In spite of the unqualified exemption of "the courts" from this Act, appellant, nonetheless, maintains that the Supreme Court, in ordering the questioned assessments, was acting in an administrative capacity, as distinguished from its judicial capacity, and is therefore subject to the Act.

We hold that the courts are entirely exempt from the Act, regardless of the capacity in which they act.

The judgment of the district court is in all things affirmed.