Mila K. CAMERON, Petitioner,

v.

Honorable Joe R. GREENHILL et al., Respondents.

No. B–8286.

Supreme Court of Texas.

May 30, 1979.

Rehearing Denied June 27, 1979.

J. P. Darrouzet, Austin, for petitioner.

Mark White, Atty. Gen., Douglas B. Owen, Asst. Atty. Gen., Austin, for respondents.

PER CURIAM.

Petitioner, Mila K. Cameron, a licensed attorney, brought this suit against respondents, nine justices of the Supreme Court of Texas,[1] complaining of an order of the Su-

1. Justices Price Daniel and T. C. Chadick have now retired and have been replaced by Justices Franklin S. Spears and Robert M. Campbell, but are still joined as defendants in their official capacity.

preme Court setting a special fee assessment against State Bar members. Petitioner challenged this action in the 53rd Judicial District Court of Travis County as not being in compliance with the Administrative Procedure and Texas Register Act, Article 6252–13a[2]. The district court sustained respondents' plea to the jurisdiction that the Act expressly exempts courts from its application and dismissed the cause. The court of civil appeals affirmed and the petitioner has timely filed her application for writ of error. 577 S.W.2d 389.

◼ In conjunction with her application for writ of error, petitioner has filed a motion urging that the respondents are disqualified from determining the merits of her application or, in the alternative, each member of the Supreme Court should recuse himself from participation in the final determination of this matter. We hold that we are not disqualified and, therefore, have a duty to serve.

On January 27, 1978 the Board of Directors of the State Bar of Texas voted to recommend and request that the Supreme Court of Texas order a referendum of the membership of the State Bar on the question of a one-time fee assessment for the sole purpose of reducing any indebtedness on the Texas Law Center. The Supreme Court ordered such referendum in accordance with the Texas Revised Civil Statutes, Annotated, Article 320a–1, Section 4, Subdivisions (b) and (c), and Article IV, Section 4, the Rules Governing the State Bar of Texas, and the results as certified by the Clerk of this Court show that more than 51% had voted as required by said Act and that the one-time fee assessment was favored by approximately 60% of those voting. The Supreme Court accordingly entered an order providing for this fee and statements were sent to the membership of the State Bar. Petitioner has not paid this fee assessment and by this suit challenges the Supreme Court's authority to order it paid.

◼ Article V, Section 11, of the Texas Constitution provides in part that no judge shall sit in any case "wherein he may be interested . . . ." The legislature has implemented this provision by the enactment of Article 15. It is a settled principle of law that the interest which disqualifies a judge is that interest, however small, which rests upon a direct pecuniary or personal interest in the result of the case presented to the judge or court. *Sun Oil Company v. Whitaker*, 483 S.W.2d 808, 823 (Tex.1972); *Hidalgo County Water Improve. Dist. No. 2 v. Blalock*, 157 Tex. 206, 301 S.W.2d 593 (1957).

Petitioner does not assert that any of the justices have a pecuniary or personal interest in the case and it is obvious that none does. In fact, the interest of respondent-justices is no greater than that of any other member of the State Bar of Texas or even of the public in general. In applying the rule of disqualification, we should endeavor to follow the spirit and intent of the Constitutional rule. The Constitution does not contemplate that judicial machinery shall stop. If this is threatened, the doctrine of necessity will permit the judge to serve. *Hidalgo County Water Con. & Imp. Dist. No. 1 v. Boysen*, 354 S.W.2d 420, 423 (Tex. Civ.App.—San Antonio 1962, writ ref'd). Respondents are parties only because they are named as parties. To hold that merely naming a judge as a party would disqualify him would put power in the hands of litigants to frustrate our judicial system.

Petitioner urges that *due process* requires our disqualification under the United States Constitution and the Texas Constitution. A similar contention has been rejected by other courts involving virtually identical situations. In *Buschbacher v. Supreme Court of Ohio*, No. C–2–75–743, 75–751, 76–309 (S.D. Ohio), a three judge district court denied a claim of disqualification of the Ohio Supreme Court justices to determine the constitutionality of Rule 7 of that court. That rule requires practicing attorneys to regis-

---

**2.** All references are to Texas Revised Civil Statutes Annotated.

ter and pay a biennial fee. The Supreme Court of the United States summarily affirmed the judgment of this three-judge district court. 430 U.S. 901, 97 S.Ct. 1167, 51 L.Ed.2d 577 (1977). In *Ables v. Fones*, 587 F.2d 850 (6th Cir. 1978), a similar claim of due process disqualification was rejected in a suit questioning the right of the Tennessee Supreme Court to hear challenges to its Rule 42 which provides for annual registration of attorneys to practice law in Tennessee.

The Supreme Court of the United States has unanimously rejected the broad claim that due process is violated by the combination of investigative and adjudicative functions in an administrative board. *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). In support of this holding the Court said:

> "Judges repeatedly issue arrest warrants on the basis that there is probable cause to believe that a crime has been committed and that the person named in the warrant has committed it. Judges also preside at preliminary hearings where they must decide whether the evidence is sufficient to hold a defendant for trial. Neither of these pretrial involvements has been thought to raise any constitutional barrier against the judge's presiding over the criminal trial and, if the trial is without a jury, against making the necessary determination of guilt or innocence. Nor has it been thought that a judge is disqualified from presiding over injunction proceedings because he has initially assessed the facts in issuing or denying a temporary restraining order or a preliminary injunction. . . . We should also remember that it is not contrary to due process to allow judges and administrators who have had their initial decisions reversed on appeal to confront and decide the same questions a second time around[3]. . . .

"The initial charge or determination of probable cause and the ultimate adjudication have different bases and purposes. The fact that the same agency makes them in tandem and that they relate to the same issues does not result in a procedural due process violation. . . ." *Id.* at 56–58, 95 S.Ct. at 1469–1470.

*See also: Barger v. Brock*, 535 S.W.2d 337, 338 (Tenn.1976).

■ We conclude that it is not a due process violation for the justices of this Court who ordered the submission of a referendum of the fee assessment at the request of the State Bar directors to determine the legality of such assessment. The respondent-justices are, therefore, not disqualified from considering petitioner's application for writ of error. Since we are not disqualified, it is our constitutional duty to serve. *Sun Oil Company v. Whitaker, supra.*

■ Insofar as the merits of this case are concerned, the court of civil appeals has correctly determined that provisions of the Administrative Procedure Act do not apply to the acts of this Court under the express terms of Article 6252–13a, Section 3(1), which reads as follows:

> " 'Agency' means any state board, commission, department, or officer having statewide jurisdiction, *other* than an agency wholly financed by federal funds, the legislature, *the courts*, the Industrial Accident Board, and institutions of higher education, that makes rules or determines contested cases." (Emphasis added).

The application for writ of error is refused.

---

3. There are other examples which can be added to this list, such as the determination of the validity or constitutionality of a rule of civil procedure and the consideration of motions for rehearing.