Norman **MOORHEAD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–97–00190–CR.

Court of Appeals of Texas,
Texarkana.

Submitted May 26, 1998.

Decided May 27, 1998.

Rehearing Overruled June 23, 1998.

Norman Dwayne Moorhead, Bivins, for appellant.

Randel Lee, Criminal District Attorney, Linden, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Norman Moorhead appeals pro se from a conviction for operating an unregistered motor vehicle in cause number 96–M–078 in the Fifth District Court of Cass County. Moorhead was originally tried and found guilty by a jury in Justice Court, Precinct One, Place One, in Cass County.

This case was consolidated at trial with several other misdemeanor cases which were heard originally in Justice Court in Cass County. The jury convicted Moorhead in each of those cases. Because Cass County has no county court which hears appeals or conducts trials, appeal de novo was taken to the Fifth District Court of Cass County, pursuant to TEX. GOVT.CODE ANN. § 24.105(b) (Vernon 1988), which provides that, in addition to other jurisdiction provided by law, each district court in Bowie and Cass counties has the civil and criminal jurisdiction of a county court. In the instant case, Moorhead was found guilty by a jury in the district court, sitting as a county appellate court, and

punishment was assessed by the jury at a fine of $300.

Moorhead raises three points on appeal: that the district court in Cass County had no jurisdiction to hear this case on appeal from a conviction in a justice of the peace court; that the district judge failed to comply with the requisites of recusal and disqualification after he was challenged by Moorhead; and that the district judge acted improperly after the recusal/disqualification motion was filed by Moorhead.

■ Moorhead first argues that the Fifth District Court of Cass County was without jurisdiction to hear the appeal of this case from a Cass County Justice Court. We disagree. An appeal from a justice court shall be tried de novo in the county or district court, and judgment shall be rendered. TEX.R. CIV. P. 574b. A county court has appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction. TEX.CODE CRIM. PROC. ANN. art. 4.08 (Vernon 1977).

As above noted, Section 24.105(b) of the Texas Government Code provides that, in addition to other jurisdiction provided by law, each district court in Bowie and Cass counties has the civil and criminal jurisdiction of a county court. The Fifth District Court of Cass County thus had appellate jurisdiction, acting as a county appellate court, to hear an appeal from a justice court in Cass County. Moorhead's contention to the contrary is overruled.

Next, Moorhead argues the district judge did not comply with the prerequisites of recusal and disqualification and that he acted improperly after he was challenged.

Moorhead filed what he entitled an "affidavit of prejudice," which we deem to be a motion for recusal, in which he demanded that the trial judge recuse himself because he had shown prejudice against Moorhead by setting his cases for jury trial without giving Moorhead sufficient time to prepare for trial. Moorhead moved only for recusal and not for disqualification.

■ Rule 18a of the Texas Rules of Civil Procedure applies to recusal and disqualification matters in criminal cases, absent

a legislative declaration to the contrary. *Sanchez v. State*, 926 S.W.2d 391, 394 (Tex. App.—El Paso 1996, pet. ref'd). When a recusal motion is filed, the trial judge against whom the motion is directed may properly make an initial determination of whether the recusal motion is in compliance with the rule governing recusal or disqualification of judges. *Id.* at 396. The motion filed by Moorhead was not verified and thus did not meet the minimum requirements of Rule 18a. Rule 18a requires that the recusal motion be verified. Accordingly, the rule's mandatory referral and hearing provisions were never triggered.

In the instant case, when the judge overruled the motion for recusal, he stated on the record that a trial judge in a criminal case is not subject to recusal. We find that the judge erred in that statement, but he was correct in the ruling. We have examined the "affidavit of prejudice" filed by Moorhead as a motion for recusal of the visiting trial judge in this case. The affidavit or motion was not sworn to or verified as required by Rule 18a of the Rules of Civil Procedure. Accordingly, the trial judge was not required to refer the motion to the presiding judge of the administrative judicial district for a determination of the validity of the motion. *Id.*

▉ A trial judge should never rule on the merits of a recusal motion involving that trial judge, but the judge can determine if the motion meets the minimum requirements of form set out in Rule 18a. We find that the judge did not err in overruling the facially invalid motion for recusal in this instance. Accordingly, we overrule the second and third points raised by Moorhead.

We emphasize, however, that if Moorhead had properly verified his motion to recuse, the trial judge would have been required either to recuse himself or to refer the recusal motion to the presiding judge of the administrative judicial district for assignment to another judge for hearing and disposition. *See Bruno v. State*, 916 S.W.2d 4, 7 (Tex. App.—Houston [14th Dist.] 1995, no pet.)

The judgment of the trial court is affirmed.