In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00055-CR


______________________________




ERNEST PATY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 114th Judicial District Court


Smith County, Texas


Trial Court No. 241-0123-03




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Ernest Paty appeals from the judgment adjudicating his guilt for the offense of indecency
with a child. See Tex. Penal Code Ann. § 21.11 (Vernon 2003). 

 The State abandoned one of the allegations contained in its application to adjudicate, and
Paty pled "not true" to the other allegations contained in that application. (1) The trial court found that
Paty had violated conditions of his deferred adjudication community supervision as follows: (1) by
failing to pay his community supervision fees as ordered for the months of July and August 2006;
(2) by failing to pay court costs as required on or before December 17, 2005; (3) by failing to pay
the monthly payment on his fine for July and August 2006; and (4) by failing to pay the monthly
payment on his restitution for August 2006. After a hearing on punishment, the trial court sentenced
Paty to twenty years' imprisonment and a fine of $10,000.00. Paty was represented by the same
appointed counsel at trial and on appeal. 

 Appellate counsel filed a brief July 19, 2007, under the mandate of Anders v. California, 386
U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Paty a copy of the brief and advised him
by letter that she believes there are no arguable contentions of error. She also informed Paty of his
right to review the record and file a pro se response. Paty has not filed a response, nor has he
requested an extension of time in which to file such a response. 

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from her review of the record that there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that Paty was admonished by the trial court of his rights
and that his deferred adjudication community supervision could be revoked if any of the allegations
in the State's application were found true. Counsel's statements are supported by the record. 

 We have reviewed the record and find the evidence sufficient to support the trial court's
findings of "true" to the State's allegations. However, in our review of the record, we note that the
judgment incorrectly reflects that Paty pled "true" to the allegations contained in that application. 
The only "true" plea that Paty made was to the first paragraph of the State's application, that being
the identity paragraph.

 This Court has the authority to reform the judgment to make the record speak the truth when
the matter has been called to our attention by any source. See French v. State, 830 S.W.2d 607 (Tex.
Crim. App. 1992). In Asberry v. State, 813 S.W.2d 526, 529-30 (Tex. App.--Dallas 1991, pet.
ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not
dependent on request of any party; the appellate court may act sua sponte. The Texas Rules of
Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. 
Tex. R. App. P. 43.2.

 Therefore, we reform the trial court's judgment to reflect pleas of "not true" to paragraphs II
through V of the State's application.

 We have reviewed the record and agree with counsel there are no arguable points of error in
this case. (2)

 As reformed, we affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: October 2, 2007

Date Decided: October 3, 2007


Do Not Publish
1. Paty pled "true" to paragraph I of the State's application to proceed to final adjudication;
however, that paragraph was the identity paragraph and did not contain any allegations of violations
of his deferred adjudication community supervision. 
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Paty in this case. No substitute
counsel will be appointed. Should Paty wish to seek further review of this case by the Texas Court
of Criminal Appeals, Paty must either retain an attorney to file a petition for discretionary review or
Paty must file a pro se petition for discretionary review. Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last timely motion for rehearing
that is overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must
be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.



t, and shall make
no further orders and shall take no further action in the case except for good
cause stated in the order in which such action is taken.
 
(d) If the judge declines to recuse himself, he shall forward to the
presiding judge of the administrative judicial district . . . an order of referral,
the motion, and all opposing and concurring statements. Except for good
cause stated in the order in which further action is taken, the judge shall
make no further orders and shall take no further action in the case after filing
of the motion and prior to a hearing on the motion.

Tex. R. Civ. P. 18a(c), (d) (emphasis added).

          The record before us shows that on January 20, 2004, the trial court entered a final
decree of divorce in the marriage of Toohey and Stephanie Michelle Arnold-Toohey. 
Toohey's former wife is now Stephanie Michelle Floyd. On September 22, 2005, Toohey
filed a petition to modify the parent-child relationship. Toohey's amended petition, seeking
an additional finding of contempt against Floyd, followed a few months later. On
February 28, 2006, Toohey filed an unverified motion to recuse Judge Pesek. Floyd filed
a response to the recusal motion April 7, 2006. On June 5, 2006, the trial court signed an
"Order on Emergency ex parte Motion to Suspend Possession of and Access to the Minor
Children."


 It is this June 5 order that Toohey would have this Court invalidate via
mandamus.
          In the brief supporting the petition for writ of mandamus, Toohey more specifically
asserts, 
The trial court in this case did not recuse himself, and therefore is
without authority to enter the Order on Emergency Ex Parte Motion to
Suspend Possession of and Access to the Minor Children. The order is
therefore void[,] and Toohey has no adequate remedy at law absent
intervention by this Court. His visitation is currently being denied by the
actions of Floyd, while she acts under color of law provided by a void order. 
The determination of the voidness [sic] of the order further cannot be
determined or set aside by the sitting trial court by virtue of the pending
motion to recuse.

          We deny Toohey's petition for writ of mandamus for three reasons. First, there is
nothing in the record to affirmatively show that Judge Pesek (a) refused to recuse himself,
(b) refused to refer the recusal motion to the presiding judge of the administrative judicial
district, or (c) refused to take any action whatsoever on Toohey's recusal motion. As such,
we cannot say Toohey has shown himself entitled to relief based on the record before us. 
Cf. In re Pilgrim's Pride Corp., 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig.
proceeding).
          Second, at the time it entered the June 5 order, the only recusal motion pending
before the trial court was Toohey's unverified February 28 filing. This Court has previously
held that an unverified recusal motion does not trigger Rule 18a's mandatory referral and
hearing provisions. Moorhead v. State, 972 S.W.2d 93, 94–95 (Tex. App.—Texarkana
1998, no pet.).


 Accordingly, Judge Pesek could have properly concluded he had no duty
to act on Toohey's February 28 unverified motion to recuse.
          Third, to the extent Toohey now claims the trial court was without any authority to
act once Toohey filed the recusal motion, Toohey is incorrect. See Mercer v. Driver, 923
S.W.2d 656, 659 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding). Generally, once
a valid motion to recuse has been timely filed, the judge who is the subject of the recusal
motion should enter no further orders in the case after he or she either (1) grants the
motion to recuse, or (2) refers the recusal motion to the presiding judge of the
administrative judicial district. Tex. R. Civ. P. 18a. However, Rule 18a has an exception
to this proscription, an exception which is twice stated in the rule itself. In paragraphs (c)
and (d), Rule 18a authorizes a trial judge (who is the subject of a recusal motion) to
intercede and enter further orders when "good cause" merits such intervention and
necessitates the further orders. Tex. R. Civ. P. 18a(c), (d). 
          The trial court, by action of the Honorable Jeff Addison presiding, wrote in the
June 5 order that "good cause" existed for granting the emergency relief and expressly
referred to Floyd's motion for emergency relief and the affidavit accompanying her motion
as providing the good cause. Therefore, the trial court's June 5 order satisfies the
exception in Tex. R. Civ. P. 18a(c) and (d), and we cannot say the trial court abused its
discretion. 
          For the reasons stated, we deny Toohey's petition for writ of mandamus. Toohey's
"Motion for Emergency Stay" of the underlying proceedings is likewise denied.



                                                                Donald R. Ross
                                                                Justice

Date Submitted:      June 22, 2006
Date Decided:         June 23, 2006