In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00012-CV

                                                ______________________________

 

 

                                     MICHAEL KENNEDY,
Appellant

 

                                                                V.

 

                          JAMES T. WORTHAM [SIC], ET AL., Appellees

 

 

                                                                                                  


 

 

                                         On Appeal from the 3rd Judicial District Court

                                                          Anderson
County, Texas

                                                           Trial
Court No. 3-41100

 

                                                       
                                           

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            In
the district court of Anderson County, Michael Kennedy (Kennedy), a Texas
prison inmate, filed a lawsuit against all three justices of the Texas Court of
Appeals for the Twelfth Appellate District, all four district court judges in
Anderson County, and William M. House, the counsel formerly appointed to
represent him, alleging various discriminatory acts taken by the justices and
judges, as well as the false and prejudicial actions taken by House in
prosecuting one of Kennedy’s prior appeals.  The trial judge, the Honorable Deborah Oakes
Evans, was a named party in the lawsuit. Acting on its own motion, the trial
court dismissed the suit without a hearing, finding that the suit was frivolous
or malicious and that Kennedy failed to satisfy the requirements of Chapter 14
of the Texas Civil Practice and Remedies Code.[1]

            On
appeal, Kennedy argues that the trial court erred in that Judge Evans could not
preside over his case because, as a named defendant, she was disqualified to
act.[2]
 We affirm the order of dismissal because
we find Judge Evans did not have a direct personal or pecuniary interest in the
case. 

            In
his petition, Kennedy specifically accused the justices and judges of
discriminating against him by:  (1)
allowing Danielle Simpson to dismiss his (Simpson’s) appeal and be executed,
(2) wrongly dismissing a court action he filed, (3) refusing to allow him to
represent himself, and (4) appointing “false counsel” to represent him.  He also accused House of filing “false,
malice, prejudicial errors” in the course of Kennedy’s appeal, cause number
12-08-00246-CR.  

            On
its own motion, under the provisions of Chapter 14 of the Texas Civil Practice
and Remedies Code, the trial court dismissed Kennedy’s lawsuit[3]
without a hearing, finding that the suit was frivolous or malicious, that
Kennedy failed to “state the civil cause of action[,]” and that he also failed
to file an affidavit of indigency and statement of previous filings with his
lawsuit. 

            Judge Evans did not have a direct pecuniary
or personal interest in the case

            Disqualification
cannot be waived and can be raised at any time.  Buckholts
Indep. Sch. Dist. v. Glaser, 632 S.W.2d 146, 148 (Tex. 1982). 
As a general rule, a judge who is a party to a suit, even though he or
she has not been served with process, may not preside over that case, decide
any matters requiring judicial discretion, or approve the minutes of the
court.  Hawpe v. Smith, 22 Tex. 410 (1858). 
Article V, Section 11 of the Texas Constitution provides that no judge
shall sit in any case wherein he or she may be interested.  See
Tex. Const. art. V, § 11.  Likewise, Rule 18b(1) of the Texas Rules of
Civil Procedure provides that the judges shall disqualify themselves in all
proceedings in which they have an interest in the subject matter in
controversy.  See Tex. R. Civ. P.
18b(1)(b).  The interest that
disqualifies a judge is an interest, however small, which rests on a direct
pecuniary or personal interest in the result of the case.  Cameron
v. Greenhill, 582 S.W.2d 775, 776 (Tex. 1979) (per curiam).  If a judge is disqualified, the judge is
without jurisdiction to hear the case, and therefore, any judgment rendered is
void and a nullity.  Glaser, 632 S.W.2d at 148; Gulf
Mar. Warehouse Co. v. Towers, 858 S.W.2d 556, 560 (Tex. App.––Beaumont
1993, writ denied); Lone Star Indus.,
Inc. v. Ater, 845 S.W.2d 334, 336 (Tex. App.––El Paso 1992, no writ).  However, under certain circumstances, a judge
may preside over a case despite being named as a defendant.  See
Cameron, 582 S.W.2d at 776; see also Hidalgo County Water Con. &
Imp. Dist. No. 1 v. Boysen, 354 S.W.2d 420, 423 (Tex. App.––San Antonio
1962, writ ref’d). 

            In
Cameron, 582 S.W.2d at 776, an
attorney sued the nine justices of the Supreme Court of Texas complaining of
the supreme court’s order setting a special fee assessment against members of
the state bar association.  The trial
court dismissed the case, and the court of civil appeals affirmed.  Id.
at 776.  Upon reaching the supreme court,
the attorney argued that the justices were disqualified or required to recuse
because they were all named as defendants in the suit.  Id.
at 775–76.  The supreme court held that
the members were not disqualified because they had no more direct or pecuniary
interest in the case than any other member of the bar association.  Id.
at 776.  Regarding disqualification, the
court stated:

In applying the rule of disqualification, we
should endeavor to follow the spirit and intent of the Constitutional rule.  The Constitution does not contemplate that
judicial machinery shall stop.  If this
is threatened, the doctrine of necessity will permit the judge to serve.  Boysen,
354 S.W.2d at 423.  Respondents are
parties only because they are named as parties.  To hold that merely naming a judge as a party
would disqualify him would put power in the hands of litigants to frustrate our
judicial system.

 

Id.

            Here,
the issue is whether Judge Evans had a direct pecuniary or personal interest in
this case.  Kennedy’s petition did not
seek money damages; therefore, Judge Evans has no pecuniary interest in this
case.  Instead, Kennedy sought injunctive
relief prohibiting “all judges from discriminating.” 

            Judges
in Texas are prohibited from discriminating by constitutional mandate.  “Equality under the law shall not be denied
or abridged because of sex, race, color, creed, or national origin.  This amendment is self-operative.”  Tex.
Const. art. I, § 3a.  
Additionally, the ethical code for Texas judges prohibits discrimination
based upon “race, sex, religion, national origin, disability, age, sexual
orientation or socioeconomic status, . . . .” 
Tex. Code Jud. Conduct, Canon 3(B)(6), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. B (Vernon 2005).
 A violation of that code could result in
the judge or justice being censured, suspended, or ultimately removed from
office.  Tex. Const. art. V, 1-a. 
Even if Kennedy obtained a judgment prohibiting all judges, including
Judge Evans, from discriminating, it would not add one additional burden or
duty that Judge Evans does not already have imposed by law. 

            Further,
the facts of this case are similar to those of Cameron, in that Judge Evans’ personal interest in the outcome and
subject of this case is no more than that of every other jurist in the State of
Texas, as evidenced by the requirements of the Texas Constitution and the Code
of Judicial Conduct.  Judge Evans did not
have a direct interest in the case that would require her disqualification.  We overrule Kennedy’s point of error and
affirm the trial court’s order of dismissal. 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          May 14, 2010

Date Decided:             May 21, 2010

 











[1]The
trial court also ordered Kennedy to pay court fees and costs in the amount of
$229.00.

 





[2]Kennedy
does not contest the trial court’s findings that his pleadings failed to meet
the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code.





[3]The
trial court dismissed Kennedy’s lawsuit without prejudice.