

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00012-CV

_____

MICHAEL KENNEDY, Appellant

V.

JAMES T. WORTHAM [SIC], ET AL., Appellees

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 3-41100

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

In the district court of Anderson County, Michael Kennedy (Kennedy), a Texas prison inmate, filed a lawsuit against all three justices of the Texas Court of Appeals for the Twelfth Appellate District, all four district court judges in Anderson County, and William M. House, the counsel formerly appointed to represent him, alleging various discriminatory acts taken by the justices and judges, as well as the false and prejudicial actions taken by House in prosecuting one of Kennedy's prior appeals.   The trial judge, the Honorable Deborah Oakes Evans, was a named party in the lawsuit. Acting on its own motion, the trial court dismissed the suit without a hearing, finding that the suit was frivolous or malicious and that Kennedy failed to satisfy the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code.[1]

On appeal, Kennedy argues that the trial court erred in that Judge Evans could not preside over his case because, as a named defendant, she was disqualified to act.[2]   We affirm the order of dismissal because we find Judge Evans did not have a direct personal or pecuniary interest in the case.

In his petition, Kennedy specifically accused the justices and judges of discriminating against him by:   (1) allowing Danielle Simpson to dismiss his (Simpson's) appeal and be executed, (2) wrongly dismissing a court action he filed, (3) refusing to allow him to represent

---

[1]The trial court also ordered Kennedy to pay court fees and costs in the amount of $229.00.

[2]Kennedy does not contest the trial court's findings that his pleadings failed to meet the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code.

himself, and (4) appointing "false counsel" to represent him. He also accused House of filing "false, malice, prejudicial errors" in the course of Kennedy's appeal, cause number 12-08-00246-CR.

On its own motion, under the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code, the trial court dismissed Kennedy's lawsuit[3] without a hearing, finding that the suit was frivolous or malicious, that Kennedy failed to "state the civil cause of action[,]" and that he also failed to file an affidavit of indigency and statement of previous filings with his lawsuit.

*Judge Evans did not have a direct pecuniary or personal interest in the case*

Disqualification cannot be waived and can be raised at any time. *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982). As a general rule, a judge who is a party to a suit, even though he or she has not been served with process, may not preside over that case, decide any matters requiring judicial discretion, or approve the minutes of the court. *Hawpe v. Smith*, 22 Tex. 410 (1858). Article V, Section 11 of the Texas Constitution provides that no judge shall sit in any case wherein he or she may be interested. *See* TEX. CONST. art. V, § 11. Likewise, Rule 18b(1) of the Texas Rules of Civil Procedure provides that the judges shall disqualify themselves in all proceedings in which they have an interest in the subject matter in controversy. *See* TEX. R. CIV. P. 18b(1)(b). The interest that disqualifies a judge is an interest, however small, which rests on a direct pecuniary or personal interest in the result of the case. *Cameron v. Greenhill*, 582

---

[3]The trial court dismissed Kennedy's lawsuit without prejudice.

S.W.2d 775, 776 (Tex. 1979) (per curiam). If a judge is disqualified, the judge is without jurisdiction to hear the case, and therefore, any judgment rendered is void and a nullity. *Glaser*, 632 S.W.2d at 148; *Gulf Mar. Warehouse Co. v. Towers*, 858 S.W.2d 556, 560 (Tex. App.—Beaumont 1993, writ denied); *Lone Star Indus., Inc. v. Ater*, 845 S.W.2d 334, 336 (Tex. App.—El Paso 1992, no writ). However, under certain circumstances, a judge may preside over a case despite being named as a defendant. *See Cameron*, 582 S.W.2d at 776; *see also Hidalgo County Water Con. & Imp. Dist. No. 1 v. Boysen*, 354 S.W.2d 420, 423 (Tex. App.—San Antonio 1962, writ ref'd).

In *Cameron*, 582 S.W.2d at 776, an attorney sued the nine justices of the Supreme Court of Texas complaining of the supreme court's order setting a special fee assessment against members of the state bar association. The trial court dismissed the case, and the court of civil appeals affirmed. *Id.* at 776. Upon reaching the supreme court, the attorney argued that the justices were disqualified or required to recuse because they were all named as defendants in the suit. *Id.* at 775–76. The supreme court held that the members were not disqualified because they had no more direct or pecuniary interest in the case than any other member of the bar association. *Id.* at 776. Regarding disqualification, the court stated:

> In applying the rule of disqualification, we should endeavor to follow the spirit and intent of the Constitutional rule. The Constitution does not contemplate that judicial machinery shall stop. If this is threatened, the doctrine of necessity will permit the judge to serve. *Boysen*, 354 S.W.2d at 423. Respondents are parties only because they are named as parties. To hold that merely naming a judge as a

4

party would disqualify him would put power in the hands of litigants to frustrate our judicial system.

*Id.*

Here, the issue is whether Judge Evans had a direct pecuniary or personal interest in this case. Kennedy's petition did not seek money damages; therefore, Judge Evans has no pecuniary interest in this case. Instead, Kennedy sought injunctive relief prohibiting "all judges from discriminating."

Judges in Texas are prohibited from discriminating by constitutional mandate. "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative." TEX. CONST. art. I, § 3a. Additionally, the ethical code for Texas judges prohibits discrimination based upon "race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status, . . . ." TEX. CODE JUD. CONDUCT, CANON 3(B)(6), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon 2005). A violation of that code could result in the judge or justice being censured, suspended, or ultimately removed from office. TEX. CONST. art. V, 1-a. Even if Kennedy obtained a judgment prohibiting all judges, including Judge Evans, from discriminating, it would not add one additional burden or duty that Judge Evans does not already have imposed by law.

Further, the facts of this case are similar to those of *Cameron*, in that Judge Evans' personal interest in the outcome and subject of this case is no more than that of every other jurist in the State of Texas, as evidenced by the requirements of the Texas Constitution and the Code of Judicial

Conduct. Judge Evans did not have a direct interest in the case that would require her disqualification. We overrule Kennedy's point of error and affirm the trial court's order of dismissal.


Jack Carter
Justice


Date Submitted:     May 14, 2010
Date Decided:       May 21, 2010

6