**Michael KENNEDY, Appellant,**

v.

**TEXAS COURT OF CRIMINAL APPEALS, 9th Court of Appeals, 5th Circuit Court of Appeals, 12th Court of Appeals, and Trial Court Anderson County, Texas, Appellees.**

No. 06–10–00120–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 11, 2011.

Decided March 1, 2011.

Michael Kennedy, Livingston, pro se.

Carolyn C. Garcia, Asst. Atty. Gen., Austin, for appellees.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

Once again, in the District Court of Anderson County, Michael Kennedy, a Texas prison inmate, filed a lawsuit against the legal universe of that district, which was dismissed based upon the trial court's finding that his suit was frivolous or malicious, and that his claims' realistic chance of ultimate success as defined under Section 14.003 of the Texas Civil Practice and Remedies Code was slight. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003 (Vernon 2002).[1]

In this case, Kennedy filed a petition using a form provided by the federal court system. It is titled as a "Form To Be Used By A Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." Evidently to provide writing space for the number of defendants and the variety of his complaints about them, Kennedy used two of the forms. He claims wrongful acts by an assortment of defendants: all four district judges from Anderson County, his attorney representing him in his most recent conviction, the Texas Court of Criminal Appeals, the Ninth Court of Appeals in Beaumont, the Twelfth Court of Appeals in Tyler, and the federal Fifth Circuit Court of Appeals.[2]

---

1. Kennedy has recently been incarcerated within the Twelfth Appellate District. The justices of the Twelfth Court of Appeals recused themselves from the cases and the Texas Supreme Court transferred them to this Court. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. See TEX.R.APP. P. 41.3.

2. Kennedy has a second appeal before this Court, also decided this day. He filed a single

His allegations, as best as we can understand them, are that all of these parties somehow conspired to prevent him from filing an appeal, although one cannot glean from what, or perhaps refused to allow the withdrawal of an appeal, and that the trial judges all were aware that he was innocent. The words "discrimination" and "innocence" appear repeatedly, and he appears to also be complaining about courts that allow (other) people to be executed. His petitions are almost entirely incoherent.

As in the companion case, the bulk of his complaints are in connection with his conviction and the subsequent appeal (and its remand in part for a new punishment hearing).[3]

Kennedy raises a series of contentions in which he attempts to reach the ultimate point: that his lawsuit was not frivolous, and thus the trial court abused its discretion by dismissing his lawsuit. Kennedy's petition complains that there is a conspiracy denying him his right to appeal his conviction, and asking to remove all judges from this case (the underlying criminal conviction) due to retaliation. Kennedy also complains that the trial courts, the various courts of appeals, and the Fifth Circuit Court violate the law by allowing innocent people to be deprived of their rights, and asking that "all courts to be prohibited and stop denying peoples to not dismiss appeals and not the right to dismiss there [sic] case and have a right to represent themslef [sic] on appeals." Unlike Kennedy's other appeal that we decide today, in this case, there is no request for damages.

We recognize that this lawsuit in many ways is a mirror image of a suit which he raised (which was dismissed) and which we affirmed in *Kennedy v. Wortham*,[4] 314 S.W.3d 34 (Tex.App.-Texarkana 2010, pet. denied). Further, it is largely an attempt through a civil lawsuit to collaterally attack his criminal conviction and the criminal procedures being used to provide a new sentencing hearing.

In his brief on appeal, the issues raised in his combined brief for both appeals are only partially congruent with his pleading in this proceeding. In relevant part, Kennedy argues that the trial court erred by dismissing his petition because all four of the district judges of Anderson County as named in his petition should have recused themselves because they were named as defendants in the original complaint of violations; thus, the petition should not have been dismissed.[5] He also argues that

> 12th Court of Appeals justices should not have recused themslef [sic] from appeals and when this claims based on trial judges should not have rule or dismiss this suit apply as 12th Court of Appeals justices to recuse themslef [sic] from

---

brief covering both this appeal and his appeal in cause number 06–10–00119–CV.

3. *Kennedy v. State*, 12–08–00246–CR, 2009 WL 4829989 (Tex.App.-Tyler Dec. 16, 2009, pet. denied). The petition for discretionary review was disposed of by the Texas Court of Criminal Appeals on April 15, 2010, and its mandate issued on April 30, 2010. The new sentencing hearing was held on January 26 and 27, 2011. His original sentence was for sixty-two years, this time the jury assessed a ninety-nine-year sentence.

4. The first defendant's name here listed by Kennedy (Wortham), is a misspelling or misnomer. Kennedy apparently intended to name the chief justice of the Twelfth Court of Appeals in Tyler, the Honorable James Worthen.

5. Although not named as defendants in his lawsuit, Kennedy also lists the Fifth Circuit Court of Appeals of the United States as a defendant in the list provided in his brief.

ruling on complaint or dismissing suit on themslef [sic].

Kennedy goes on to contend that because he named every district judge in Anderson County as defendants, none of them could rule on his petition. He contends that the Texas Court of Criminal Appeals, the Twelfth Court of Appeals, and District Judge Mark Calhoon acted "in racial discrimination" to deny him a right to represent himself by appointing House to "forclose [sic] his innocnce [sic] when no crime committed."

There is no argument in his brief addressing either the Ninth Court of Appeals or the Fifth Circuit Court of Appeals.

## Disqualification or Recusal

This Court has already twice addressed a claim by Kennedy that a trial judge was required to remove herself from a lawsuit brought by him. In our published opinion, *Kennedy v. Wortham*, 314 S.W.3d 34 (as well as in the companion memorandum opinion), we concluded, among other things, that because Kennedy had not sought money damages, the constitutional disqualification provision did not control, and as he had no direct pecuniary or personal interest in the case, the judge that ruled on the cases was not disqualified.

Unlike the companion case also decided today, in this case, Kennedy did not request monetary damages. On the issue of disqualification, it is thus on all fours with our prior opinion in *Kennedy v. Wortham*. For the reasons stated there, we conclude that the trial judge who signed this judgment was not disqualified and thus had the authority to dismiss the lawsuit.

Kennedy's remaining issues in this appeal involve the Tyler and Beaumont Courts of Appeals. We note that Kennedy has been a more prolific user of the legal system than any individual in our collective memory. According to court records, since 1988, with the lion's share being filed since 2004, Kennedy has had over 250 proceedings in front of various courts of appeals and both high courts in this State.

In his four most recent appeals, and in a mandamus decided by this Court, he has shifted tactics, seeking to obtain different judges by raising allegations of matters that would normally mandate the appointment of a different judge. By naming all judges as defendants, alleging without supporting allegations of facts that they were all involved in a vast conspiracy to convict an innocent man, Kennedy has discovered a method by which he has manipulated the system to obtain a judge—from a different region or county—one presumably more to his liking, both at the trial and appellate level.

Kennedy's briefing does not separately attack any failure to follow recusal procedures by the judge, but his statement for recusal was neither the subject of a motion as contemplated by Tex.R. Civ. P. 18a, nor was the pleading verified as required by the rule. *Vargas v. State*, 883 S.W.2d 256 (Tex.App.-Corpus Christi 1994, pet. ref'd). Thus, the mandatory provisions requiring referral were not triggered.

When a recusal motion is filed, the trial judge against whom the motion is directed may properly make an initial decision of whether the motion conforms with Rule 18a. *Barron v. State Attorney Gen.*, 108 S.W.3d 379, 382 (Tex.App.-Tyler 2003, no pet.); *Moorhead v. State*, 972 S.W.2d 93, 95 (Tex.App.-Texarkana 1998, no pet.). "Recusal may be waived if it is not raised by a proper motion." *McElwee v. McElwee*, 911 S.W.2d 182, 185 (Tex.App.-Houston [1st Dist.] 1995, writ denied). The procedural requisites for recusal in Rule 18a(a) are mandatory, and a party who fails to conform waives his right to complain of a judge's failure to recuse himself. *Spigener v. Wallis*, 80 S.W.3d 174, 180

(Tex.App.-Waco 2002, no pet.); *Gill v. Tex. Dep't of Criminal Justice, Inst. Div.*, 3 S.W.3d 576, 579 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Pena v. Pena*, 986 S.W.2d 696, 701 (Tex.App.-Corpus Christi 1998, pet. denied). Thus, the provisions of Rule 18a obligating a trial judge to either recuse himself or refer the motion to the presiding judge of the administrative judicial district never come into play unless and until a formal, timely, written, and verified motion to recuse is filed. *Spigener*, 80 S.W.3d at 180; *Moorhead*, 972 S.W.2d at 95; *Limon v. State*, 632 S.W.2d 812, 815–16 (Tex.App.-Houston [14th Dist.] 1982, pet. ref'd). Thus, if we read his issues to include an attack on the failure to refer the case to the administrative judge, that issue fails.

**On the Merits**

Did the trial court abuse its discretion by dismissing Kennedy's lawsuit as frivolous? The issue is whether the complaint lacks an arguable basis in law or in fact. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990).

In our opinion in cause number 06–10–00119–CV, issued this day, the same issues were raised in Kennedy's underlying petitions and the common brief makes no distinction between the two separate appeals. The matters addressed in that opinion on its merits include the issues before this Court, and for the reasons stated in that opinion, we likewise in this appeal conclude that the underlying lawsuit was frivolous and that the trial court did not abuse its discretion by so determining, and by dismissing the suit.

We affirm the judgment.