In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00120-CV

                                                ______________________________

 

 

                                     MICHAEL KENNEDY,
Appellant

 

                                                                V.

 

    TEXAS COURT OF CRIMINAL APPEALS, 9TH COURT OF APPEALS,

5TH CIRCUIT COURT OF
APPEALS, 12TH COURT OF APPEALS,

AND TRIAL COURT ANDERSON
COUNTY, TEXAS, Appellees

 

 

                                                                                                  


 

 

                                         On Appeal from the 3rd Judicial District Court

                                                          Anderson
County, Texas

                                                           Trial
Court No. 3-41298

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Once
again, in the District Court of Anderson County, Michael Kennedy, a Texas
prison inmate, filed a lawsuit against the legal universe of that district,
which was dismissed based upon the trial court’s finding that his suit was
frivolous or malicious, and that his claims’ realistic chance of ultimate
success as defined under Section 14.003 of the Texas Civil Practice and
Remedies Code was slight.  Tex. Civ. Prac. & Rem. Code Ann. §
14.003 (Vernon 2002).[1]

            In
this case, Kennedy filed a petition using a form provided by the federal court
system.  It is titled as a “Form To Be Used
By A Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. §
1983.”  Evidently to provide writing
space for the number of defendants and the variety of his complaints about
them, Kennedy used two of the forms.  He
claims wrongful acts by an assortment of defendants:  all four district judges from Anderson County,
his attorney representing him in his most recent conviction, the Texas Court of
Criminal Appeals, the Ninth Court of Appeals in Beaumont, the Twelfth Court of
Appeals in Tyler, and the federal Fifth Circuit Court of Appeals.[2]

            His
allegations, as best as we can understand them, are that all of these parties
somehow conspired to prevent him from filing an appeal, although one cannot
glean from what, or perhaps refused to allow the withdrawal of an appeal, and
that the trial judges all were aware that he was innocent.  The words “discrimination” and “innocence” appear
repeatedly, and he appears to also be complaining about courts that allow
(other) people to be executed.  His
petitions are almost entirely incoherent. 


            As
in the companion case, the bulk of his complaints are in connection with his
conviction and the subsequent appeal (and its remand in part for a new
punishment hearing).[3]

            Kennedy
raises a series of contentions in which he attempts to reach the ultimate
point:  that his lawsuit was not
frivolous, and thus the trial court abused its discretion by dismissing his
lawsuit.  Kennedy’s petition complains
that there is a conspiracy denying him his right to appeal his conviction, and
asking to remove all judges from this case (the underlying criminal conviction)
due to retaliation.  Kennedy also
complains that the trial courts, the various courts of appeals, and the Fifth
Circuit Court violate the law by allowing innocent people to be deprived of
their rights, and asking that “all courts to be prohibited and stop denying
peoples to not dismiss appeals and not the right to dismiss there [sic] case
and have a right to represent themslef [sic] on appeals.”  Unlike Kennedy’s other appeal that we decide
today, in this case, there is no request for damages.

            We
recognize that this lawsuit in many ways is a mirror image of a suit which he
raised (which was dismissed) and which we affirmed in Kennedy v. Wortham,[4]
314 S.W.3d 34 (Tex. App.—Texarkana 2010, pet. denied).  Further, it is largely an attempt through a
civil lawsuit to collaterally attack his criminal conviction and the criminal
procedures being used to provide a new sentencing hearing.   

            In
his brief on appeal, the issues raised in his combined brief for both appeals
are only partially congruent with his pleading in this proceeding.  In relevant part, Kennedy argues that the
trial court erred by dismissing his petition because all four of the district
judges of Anderson County as named in his petition should have recused themselves
because they were named as defendants in the original complaint of violations;
thus, the petition should not have been dismissed.[5]  He also argues that 

12th Court of Appeals justices should not have
recused themslef [sic] from appeals and when this claims based on trial judges
should not have rule or dismiss this suit apply as 12th Court of Appeals
justices to recuse themslef [sic] from ruling on complaint or dismissing suit
on themslef [sic].  

 

            Kennedy
goes on to contend that because he named every district judge in Anderson
County as defendants, none of them could rule on his petition.  He contends that the Texas Court of Criminal
Appeals, the Twelfth Court of Appeals, and District Judge Mark Calhoon acted “in
racial discrimination” to deny him a right to represent himself by appointing
House to “forclose [sic] his innocnce [sic] when no crime committed.” 

            There
is no argument in his brief addressing either the Ninth Court of Appeals or the
Fifth Circuit Court of Appeals.

Disqualification or Recusal

            This Court has already twice
addressed a claim by Kennedy that a trial judge was required to remove herself
from a lawsuit brought by him.  In our
published opinion, Kennedy v. Wortham,
314 S.W.3d 34 (as well as in the companion memorandum opinion), we concluded,
among other things, that because Kennedy had not sought money damages, the
constitutional disqualification provision did not control, and as he had no
direct pecuniary or personal interest in the case, the judge that ruled on the
cases was not disqualified.  

            Unlike
the companion case also decided today, in this case, Kennedy did not request
monetary damages.  On the issue of
disqualification, it is thus on all fours with our prior opinion in Kennedy v. Wortham.  For the reasons stated there, we conclude
that the trial judge who signed this judgment was not disqualified and thus had
the authority to dismiss the lawsuit. 

            Kennedy’s
remaining issues in this appeal involve the Tyler and Beaumont Courts of
Appeals.  We note that Kennedy has been a
more prolific user of the legal system than any individual in our collective
memory.  According to court records,
since 1988, with the lion’s share being filed since 2004, Kennedy has had over
250 proceedings in front of various courts of appeals and both high courts in
this State. 

            In
his four most recent appeals, and in a mandamus decided by this Court, he has
shifted tactics, seeking to obtain different judges by raising allegations of
matters that would normally mandate the appointment of a different judge.  By naming all judges as defendants, alleging
without supporting allegations of facts that they were all involved in a vast
conspiracy to convict an innocent man, Kennedy has discovered a method by which
he has manipulated the system to obtain a judge—from a different region or county—one
presumably more to his liking, both at the trial and appellate level.  

            Kennedy’s
briefing does not separately attack any failure to follow recusal procedures by
the judge, but his statement for recusal was neither the subject of a motion as
contemplated by Tex. R. Civ. P. 18a,
nor was the pleading verified as required by the rule.  Vargas
v. State, 883 S.W.2d 256 (Tex. App.—Corpus Christi 1994, pet. ref’d).  Thus, the mandatory provisions requiring
referral were not triggered. 

            When
a recusal motion is filed, the trial judge against whom the motion is directed
may properly make an initial decision of whether the motion conforms with Rule
18a.  Barron
v. State Attorney Gen., 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.);
Moorhead v. State, 972 S.W.2d 93, 95
(Tex. App.—Texarkana 1998, no pet.).  “Recusal
may be waived if it is not raised by a proper motion.”  McElwee
v. McElwee, 911 S.W.2d 182, 185 (Tex. App.—Houston [1st Dist.] 1995, writ
denied).  The procedural requisites for
recusal in Rule 18a(a) are mandatory, and a party who fails to conform waives
his right to complain of a judge’s failure to recuse himself.  Spigener
v. Wallis, 80 S.W.3d 174, 180 (Tex. App.—Waco 2002, no pet.); Gill v. Tex. Dep’t of Criminal Justice, Inst.
Div., 3 S.W.3d 576, 579 (Tex.
App.—Houston [1st Dist.] 1999, no pet.); Pena
v. Pena, 986 S.W.2d 696, 701 (Tex. App.—Corpus Christi 1998, pet.
denied).  Thus, the provisions of Rule
18a obligating a trial judge to either recuse himself or refer the motion to
the presiding judge of the administrative judicial district never come into
play unless and until a formal, timely, written, and verified motion to recuse
is filed.  Spigener, 80 S.W.3d at 180; Moorhead,
972 S.W.2d at 95; Limon v. State, 632
S.W.2d 812, 815–16 (Tex. App.—Houston [14th Dist.] 1982, pet. ref’d).  Thus, if we read his issues to include an
attack on the failure to refer the case to the administrative judge, that issue
fails.

On the Merits

            Did the trial court abuse its
discretion by dismissing Kennedy’s lawsuit as frivolous?  The issue is whether the complaint lacks an
arguable basis in law or in fact.  Johnson v. Lynaugh, 796 S.W.2d 705, 706
(Tex. 1990).  

            In
our opinion in cause number 06-10-00119-CV, issued this day, the same issues
were raised in Kennedy’s underlying petitions and the common brief makes no
distinction between the two separate appeals. 
The matters addressed in that opinion on its merits include the issues
before this Court, and for the reasons stated in that opinion, we likewise in
this appeal conclude that the underlying lawsuit was frivolous and that the
trial court did not abuse its discretion by so determining, and by dismissing
the suit.

            We
affirm the judgment.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          February
11, 2011

Date Decided:             March
1, 2011











[1]Kennedy
has recently been incarcerated within the Twelfth Appellate District.  The justices of the Twelfth Court of Appeals recused
themselves from the cases and the Texas Supreme Court transferred them to this
Court.  We are unaware of any conflict
between precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex. R. App. P.
41.3.

 





[2]Kennedy
has a second appeal before this Court, also decided this day.  He filed a single brief covering both this
appeal and his appeal in cause number 06-10-00119-CV.  





[3]Kennedy v. State, 12-08-00246-CR (Tex.
App.—Tyler Dec. 16, 2009, pet. denied). 
The petition for discretionary review was disposed of by the Texas Court
of Criminal Appeals on April 15, 2010, and its mandate issued on April 30,
2010.  The new sentencing hearing was
held on January 26 and 27, 2011.  His
original sentence was for sixty-two years, this time the jury assessed a
ninety-nine-year sentence.

 





[4]The
first defendant’s name here listed by Kennedy (Wortham), is a misspelling or misnomer.  Kennedy apparently intended to name the chief
justice of the Twelfth Court of Appeals in Tyler, the Honorable James Worthen. 





[5]Although
not named as defendants in his lawsuit, Kennedy also lists the Fifth Circuit
Court of Appeals of the United States as a defendant in the list provided in
his brief.